ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Tessada & Associates, Inc. | ) ASBCA No. 59446 |
| | ) |
| Under Contract No. NNA09DB40C | ) |

APPEARANCE FOR THE APPELLANT:          Tami J. Howie, Esq.
                                                                    Executive Vice President &
                                                                    General Counsel

APPEARANCES FOR THE GOVERNMENT:     Scott W. Barber, Esq.
                                                                    NASA Chief Trial Attorney
                                                                  Colleen Burt, Esq.
                                                                  Kevin F. Kouba, Esq.
                                                                    Trial Attorneys
                                                                    NASA Ames Research Center
                                                                    Moffett Field, CA

OPINION BY ADMINISTRATIVE JUDGE DELMAN
ON JURISDICTION

The Board, *sua sponte,* raised the issue of its jurisdiction over this appeal under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, questioning whether Tessada & Associates, Inc. (Tessada or appellant), has filed a timely notice of appeal. The government declined to take a position on whether appellant's notice of appeal was timely. We find that the Board has jurisdiction for reasons stated below.

FINDINGS OF FACT

1. On 30 April 2009, NASA Ames Research Center (NASA) awarded Contract No. NNA09DB40C to Tessada (R4, tab 4).

2. By letter dated 31 July 2013, appellant submitted a certified claim to the contracting officer (CO) via email, sent by appellant's contract manager, Ms. Tammy Smith (R4, tab 2 at 9, 11; app. br., ex. C, Smith aff. (Smith aff.) ¶ 3).

3. On 25 April 2014, the CO emailed to Tessada a contracting officer's final decision (COFD) denying the claim. The COFD was directed to Tessada's address in Springfield, Virginia. (R4, tab 1 at 2) The COFD was sent as an attachment to three persons with "@tessada.com" email addresses, including Ms. Smith (R4, tab 1 at 1). The CO received a "read" receipt from her account, stating that the "Final Decision" message was read on "Friday, April 25, 2014 5:51:45 PM (UTC-06:00) Central Time

(US & Canada)" (R4, tab 1 at 7). Ms. Smith's affidavit does not address this "read" receipt. Ms. Smith avers that she did not read the email's attachment until Monday, 28 April 2014 (Smith aff. ¶ 8).

4. On 25 July 2014, the Board received a notice of appeal dated 22 July 2014 from Tessada. The notice of appeal was delivered by FedEx. (Bd. corr. file)

5. Appellant alleges that it also sent the notice of appeal to the Board by regular United States Postal Service (USPS) mail on 24 July 2014 (app. br. ¶ 18). Appellant provided a photocopy of the envelope it alleges was used to submit this notice of appeal. The envelope was properly addressed to the Board with the correct address and zip code. The envelope bears a 24 July 2014 postage meter stamp with a "PITNEY BOWES" designation but obviously bears no USPS postmark. (App. br., ex. E) The Board did not receive a notice of appeal by USPS mail.

6. Mr. Hale is the CO who issued the COFD. His email signature block shows his address to be:

> NASA Ames Research Center
> Mail Stop 241-1(Bldg N241, Room 232)
> Moffett Field, CA 94035

(R4, tab 1)

7. Tessada also sent a copy of the 22 July 2014 notice of appeal to the CO on 24 July 2014 via USPS mail, with sufficient postage, addressed to:

> William E. Hale
> National Aeronautics and Space Administration
> Moffett Field, CA 94035-1000

(App. br., ex. F)

8. The envelope mailed by Tessada to the CO, containing the notice of appeal, was received by the CO on 26 August 2014 at 8:00 AM and had the following machine-generated marking:

> NO VA
> VA 220
> 24 JUL '14
> PM 4 [unreadable character]

2

Absent evidence otherwise, we find that this marking was generated by a U.S. Post Office in Northern Virginia, and that it indicates that the envelope was postmarked on 24 July 2014. (Bd. corr. ltr. dtd. 11 February 2015 and attached copy of envelope)

9. The government admits that the CO received this mailing on 26 August 2014 (Bd. corr. ltr. dtd. 11 February 2015 and attached copy of envelope). We find that the CO received the notice of appeal on 26 August 2014.

## DECISION

The Board raised the issue of jurisdiction, *sua sponte*, following indications in the Rule 4 file that appellant's notice of appeal may not have been filed within 90 days from appellant's receipt of the COFD. To be considered timely, an appeal from a COFD to an agency board must be made "within 90 days from the date of receipt" of the COFD. 41 U.S.C. § 7104(a). The 90-day period is statutory and cannot be waived by the Board. *Cosmic Construction Co. v. United States*, 697 F.2d 1389, 1391 (Fed. Cir. 1982).

In computing the 90-day period, the Board has held that when a notice of appeal is mailed via the USPS, "the date of filing of an appeal is the date of transfer to U.S. Postal Service." *Thompson Aerospace, Inc.*, ASBCA Nos. 51548, 51904, 99-1 BCA ¶ 30,232 at 149,569. "The term 'mailed' requires a proper address, sufficient postage, and transfer of the notice of appeal into the custody of the USPS." *Premier Group*, ASBCA No. 58263, 13 BCA ¶ 35,349 at 173,500-01 (citing *Premier Consulting & Management Services*, ASBCA No. 54691, 05-1 BCA ¶ 32,949 at 163,256-57). However, a notice of appeal carried by a commercial courier is deemed filed on the date it is delivered to the Board. *Bay Gulf Trading Co.*, ASBCA No. 54122, 03-2 BCA ¶ 32,297 at 159,805 (citing *Tyger Construction Company*, ASBCA Nos. 36100, 36101, 88-3 BCA ¶ 21,149 at 106,781).

It is well established that "filing the notice with the contracting officer is tantamount to filing an appeal with this Board." *Thompson Aerospace*, 99-1 BCA ¶ 30,232 at 149,569 (quoting *McNamara-Lunz Vans & Warehouses, Inc.*, ASBCA No. 38057, 89-2 BCA ¶ 21,636 at 108,856). In *Thompson Aerospace*, we also recognized that this rule applies even where a contractor attempts timely service directly upon the Board. Given the foregoing, we see no good reason why the USPS "mail box" filing rule should not equally apply to notices of appeal mailed to the CO.

Appellant transferred the copy of the notice of appeal addressed to the CO into the custody of the USPS on 24 July 2014, and the envelope was postmarked on that date (finding 8). Hence, the notice of appeal was filed on that date. This date was within the 90-day period from receipt of the COFD based upon the read receipt of 25 April 2014 and we need not determine whether the 90-day period started on 28 April 2014 when Ms. Smith avers she first read the COFD. (Finding 3)

3

It is true that the notice of appeal was actually received by the CO on 26 August 2014 (finding 8), which delay may have been caused by appellant's failure to provide as detailed an address as it could have on the envelope. In any event, a notice of appeal is timely filed when it is timely transferred to the custody of the USPS, not on the day it is received. Appellant's notice of appeal was timely postmarked by the USPS, and thus was timely filed.

## CONCLUSION

We find that Tessada's notice of appeal was timely filed, and that the Board has jurisdiction over this appeal under the CDA.

Dated: 21 April 2015

JACK DELMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59446, Appeal of Tessada & Associates, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4