# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Afghan Active Group (AAG) | ) ASBCA No. 60387 |
| | ) |
| Under Contract No. W91B4N-10-C-8033 | ) |

APPEARANCE FOR THE APPELLANT:      Mr. M. Masoud
                                                      Chairman

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
                                                Army Chief Trial Attorney
                                              Erica S. Beardsley, Esq.
                                                  Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE PROUTY ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government has moved to dismiss this appeal on the ground that the Board lacks jurisdiction to consider it since it was filed more than 90 days after appellant Afghan Active Group (AAG)[1] received the contracting officer's final decision. AAG responded to the government's motion with a short email stating that it had already submitted all documents related to the contract and requesting the Board's guidance in the event that it did not possess jurisdiction over the appeal. Because we find that AAG made a timely notice of appeal to the contracting officer (CO), we deny the government's motion.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION[2]

On 2 December 2009, the government awarded the above-captioned contract (the contract) to AAG to construct an asphalt parking pad (R4, tab 1). Beyond a preliminary email discussion of conducting a site visit immediately thereafter (R4, tabs 3, 4), and an email discussion regarding a Defense Base Act (DBA) insurance policy in March 2010 (R4, tabs 5, 6), the record does not indicate that any performance was ever undertaken on the contract.

---

[1] The parenthetical (AAG) is both part of the full name of the contractor on the award document (R4, tab 1), and is also how we will refer to the contractor in this decision.

[2] AAG has not disputed any of the proposed facts included in the government's motion.

On 19 June 2015, a government contracting specialist, Barbara Sennet, sent AAG an email explaining that she was closing out contracts for the government and asking whether there were "any issues, claims or disputes" regarding the contract (R4, tab 7 at 1-2). On 20 June 2015, AAG responded to Ms. Sennet, stating that it was entitled to 30% of the contract total because it had made a site visit, obtained the DBA insurance, and bought some materials and machinery for the project (R4, tab 7 at 1). Ms. Sennet responded on 22 June 2015, seeking records of the DBA insurance (R4, tab 8 at 4). The parties engaged in a further email colloquy in which it became clear that Ms. Sennet considered the government to be, at most, obligated only to provide a refund for the DBA insurance, while AAG wished to receive further compensation for its equipment costs (*id.* at 2-4). Ultimately, Ms. Sennet explained that she could do no more for AAG, but that it could file a claim for the equipment costs at a specified email address (*id.* at 2).

On 7 July 2015, AAG sent an email with the subject line, "Claims ON CONTRACT # W91B4N-10-C-8033" to the contract closeout email address that Ms. Sennet had provided for filing claims (R4, tab 8 at 1). Although English was clearly not the first language of the author of this email, its short text appears to seek compensation for the expenses it incurred on the contract (*id.*). The email also included an attachment, which appears to be an invoice for $35,559 (*id.* at 6).

The government treated the 7 July 2015 email as a claim for $35,559, and issued a contracting officer's final decision (COFD) on 8 July 2015 denying it (R4, tab 9). The two-page COFD included the following penultimate paragraph:

> This is the final decision of the Contracting Officer. You may appeal this decision to the Armed Services Board of Contract Appeals (ASBCA). If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the ASBCA and provide a copy to the Contracting Officer from whose decision this appeal is taken. This notice shall indicate that an appeal is intended, reference this decision and identify the contract by number.

(R4, tab 9 at 2) The COFD did not notify AAG of its appeal rights to the United States Court of Federal Claims, although it did provide contact information for the CO, Thomas A. Petkunas (R4, tab 9). Ms. Sennet emailed the COFD to AAG on 9 July 2015 (R4, tab 10 at 1).

AAG was not pleased with the COFD, and, on 12 July 2015, sent an email to the government (including the CO identified in the COFD) that we replicate below:

Good evening everyone

Dear Sir, we received contract officer final decision letter, but its NOT acceptable for our company. Contracting officer has stated within the letter that equipment purchased before Notice to proceed letter.

1- we done several contracts without NTP
2- the contract duration was only 45 days it mean that contractor not able to purchase the needed equipment for the contract during the small time.
3- When a contract award for our company we became legal responsible for the contract and should get full redress for contract successfully completion and not wait for NTP
4- If all thing is related to NTP what is the meaning of contract award (contract winner)
Also respectable contracting officer mentioned within his letter that respected ALINV HENSON sent to our company an email on December 12,...and December 14, 2009 for site visit but our company didn't response back to her, I think its not correct because we done site visit on the contract with technical team and we forwarded that email to you, please kindly forward us the email which remained without response
Note: we ask USG officials earnest cooperation regarding this problem and hope their support
Thank you, await for your soon response

(R4, tab 11 at 1) (Punctuation, syntax, and spelling in original)

Having apparently received no response, AAG sent the following email to the same government recipients on 20 July 2015:

Good morning everyone

Dear respectable sir please kindly put us in progress if you need document for appeal process, thank you and hope your legal cooperation regarding our money

(R4, tab 11 at 1) (Punctuation and syntax in original)

3

The record indicates no reply from the government to this email. On 31 August 2015, AAG sent an email to the same group of government individuals seeking an "update" (R4, tab 11 at 1). Again, the record is devoid of a government response.

On 15 November 2015, AAG sent another email to the government, stating, "Dear sir, we are waiting for your response, thank you" (R4, tab 12 at 1). At this point, on 19 November 2015, after an internal discussion in which the contracting specialist characterized AAG's communications as "contesting [the CO's] final decision" (*see* R4, tab 12 at 2), the government sent an email to AAG stating that, "[i]f you want to appeal the Contracting Officer's Final Decision you will have to send it to the following address" after which the government provided the mailing and email addresses of this Board (R4, tab 12 at 1). There is no evidence in the record that the government had previously provided the Board's contact information to AAG.

On 25 December 2015, AAG filed its appeal to the Board by email, stating simply, "Dear respectable sir, we want to appeal the Contracting Officer's Final Decision which related to the subject contract, therefore we need for your guide, thank you" (R4, tab 13 at 1) (syntax in original).

## DECISION

We are squarely presented with the question of whether AAG presented its appeal of the COFD in a timely fashion. Because we have previously held that a contractor's notification to the CO of intent to appeal suffices to act as notice to the Board, and AAG's communications with the CO in July 2015 can be fairly read as expressing the intent to appeal, we hold that AAG's appeal was timely and deny the government's motion to dismiss.

The timeliness of appealing a COFD is a matter of the Board's jurisdiction. *See* 41 U.S.C. § 7104 (2011) (formerly 41 U.S.C. § 606); *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390 (Fed. Cir. 1982) (requirement that appeal be made within 90 days is jurisdictional). And, by statute, any challenge to a COFD must be appealed to the Board within 90 days of that decision being received by the contractor. 41 U.S.C. § 7104; *Cosmic Constr.*, 697 F.2d at 1390; *Decker & Co. v. West*, 76 F.3d 1573, 1578 (Fed. Cir. 1996) (citing *Cosmic Constr.*, 697 F.2d at 1390).

Importantly here, we have long held in cases involving misdirected appeals that providing a notice of appeal to the CO "is tantamount to filing with the Board." *See Ft. McCoy Shipping & Services*, ASBCA No. 58673, 13 BCA ¶ 35,429 at 173,795 (citing multiple cases); *see also Bahram Malikzada Constr. Co.*, ASBCA Nos. 59613, 59614, 15-1 BCA ¶ 36,134 at 176,371. And we have "historically liberally read

4

contractors' communications in finding effective appeal notices and [have] repeatedly held a notice of appeal requires only a writing filed within the requisite time period that expresses dissatisfaction with the contracting officer's decision and indicates an intention to appeal the decision to a higher authority." *Ft. McCoy*, 13 BCA ¶ 35,429 at 173,794 (citations omitted). Such standards are easily met by AAG here.

The 12 July 2015 email was sent within three days of AAG's receipt of the decision,[3] handily meeting the timeliness requirement. Moreover, the email plainly "expresses dissatisfaction" with the COFD. *Ft. McCoy*, 13 BCA ¶ 35,429 at 173,794. The only arguable ambiguity is whether this 12 July email expresses an intention to appeal to a higher authority. *See id.* We find, however, that the letter's concluding sentence – "Note: we ask USG officials earnest cooperation regarding this problem and hope their support" – evinces such an intention. Moreover, the subsequent email from AAG, sent only eight days later, disposes of any remaining question of AAG's intent to appeal by requesting that the government, "please kindly put us in progress if you need document for appeal process, thank you and hope your legal cooperation regarding our money." We interpret this to be AAG's somewhat awkward, but nonetheless clear, request that, if a document were needed to officially commence an appeal, that email be considered to be such a document.

Not surprisingly, the government's contracting officials clearly recognized what AAG was requesting when they directed it to file an appeal with the Board in the 19 November 2015 email. The government's current argument, that the 20 July 2015 email should be read as a request for documents that would be necessary for advancing an appeal (a request to which the government did not reply) (*see* gov't br. at 5), is a cramped way of reading that communication that we do not share.

The government's other argument against considering AAG's July 2015 communications to constitute the initiation of an appeal is based upon the fact that AAG did not make a forum selection in the emails (*see* gov't br. at 5). This argument is flawed because, under our precedent, AAG did make a forum selection, seeking appeal at the Board. To be sure, there is Board precedent holding that a notice of appeal sent to the CO needs to select a forum if it is to be effective. *See, e.g., Bahram Malikzada*, 15-1 BCA ¶ 36,134 at 176,371; *Stewart-Thomas Industries, Inc.*, ASBCA No. 38773, 90-1 BCA ¶ 22,481 at 112,835-36; *McNamara-Lunz Vans & Warehouses, Inc.*, ASBCA No. 38057, 89-2 BCA ¶ 21,636 at 108,856. But we have held that the use of the word, "appeal" in the notice to the CO, rather than the phrase "bring an action," which applies to cases brought in the Court of Federal Claims, indicates an election to bring an appeal

---

[3] The record does not indicate when AAG received the emailed 9 July 2015 COFD, but it makes no difference to our analysis whether AAG received it on 9 July 2015 or on 12 July 2015, when it first responded to it.

before the Board. *See McNamara-Lunz*, 89-2 BCA ¶ 21,636 at 108,856; *see also Axxon Int'l, LLC*, ASBCA Nos. 59497, 59498, 15-1 BCA ¶ 35,864 at 175,342 (considering, without comment, an "appeal" provided to the CO to constitute notice of appeal to the Board). AAG's 20 July 2015 email used the term, "appeal" to characterize its intention, thus we deem it to constitute an election to bring its appeal to the Board.

Our conclusion that AAG intended to elect proceeding before the Board is further buttressed by the fact that the government did not include the full scope of AAG's appeal rights in the COFD. The COFD is required by the Federal Acquisition Regulation (FAR) to inform the contractor of its full appeal rights, including the alternate fora of the Board and the United States Court of Federal Claims (CoFC). *See* FAR 33.211(a)(3)(v). But the COFD issued here only provided notice of AAG's rights to appeal to the Board, leaving the CoFC out completely. In these factual circumstances, it would be unreasonable and unfair to conclude that AAG selected any forum other than the single one of which it was informed by the government.

Accordingly, we hold that AAG presented its appeal to the Board in a timely manner, and thus we possess jurisdiction to consider this appeal. The government's motion to dismiss is DENIED.

Dated: 14 April 2016

J. REID PROUTY
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60387, Appeal of Afghan Active Group (AAG), rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
