# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Bushra Company | ) ASBCA No. 59918 |
| | ) |
| Under Contract No. M68450-06-M-7233 | ) |

APPEARANCE FOR THE APPELLANT:      Mrs. Bushra Mohammed
        Owner

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
        Army Chief Trial Attorney
        ChristinaLynn E. McCoy, Esq.
        Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE PROUTY ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Before the Board is the government's motion to dismiss for lack of jurisdiction, which has two bases: first, the government contends, appellant Bushra Company (Bushra) failed to file its appeal with the Board within 90 days of receipt of the contracting officer's final decision (COFD) terminating the subject contract for default; second, the government argues, Bushra's later claim to the contracting officer (CO) was (if timely) jurisdictionally defective because it did not include a sum certain. Bushra's response is confined to a defense on the merits of this action, arguing that it should not have had its contract terminated because of problems with the contracting officer's email. Bushra makes no effort, whatsoever, to address the government's challenges to our jurisdiction. The government's arguments prevail.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 25 September 2006, the government's Joint Contracting Command for Iraq and Afghanistan (JCC-I/A) awarded Contract No. M68450-06-M-7233 (the contract) to appellant Bushra in the amount of $328,440.00 for the delivery of limestone at various sites within Iraq (R4, tab 1 at 2-3). The contract's statement of work anticipated that performance would begin within 7 days of the contract award and take no longer than 30 days to complete (*id.* at 3). The contract also included a clause from the Department of Defense Federal Acquisition Regulation Supplement (DFARS) that provided that all correspondence with the government would be conducted in English (*id.* at DFARS 252.225-7041, CORRESPONDENCE IN ENGLISH (JUN 1997)).

2. Bushra never made the deliveries required by the contract (R4, tab 14 at 11 (Bushra's 2015 "Claim for settlement for limestone contract")). Whether this was the

fault of Bushra, the government, or neither party is not relevant for resolution of the pending motion.

3. The government terminated Bushra's contract for cause[1] on 18 February 2007 (R4, tab 4). The termination was received the same day (R4, tab 14 at 15). The letter informed Bushra of its "right to appeal [the] determination under the Disputes clause cited in [Federal Acquisition Regulation (FAR)] Part 33.211" (R4, tab 4 at 1). The letter did not include language required by the FAR explaining the right to appeal to the agency board of contract appeals within 90 days (*see id.*, FAR 33.211(a)(3)(v)). In addition to a letter to Bushra stating so, the government also issued a contract modification effecting the termination on the same date (R4, tab 5 at 1).

4. On 25 June 2012, Bushra sent an email to the Army stating that it had been out of Iraq "because of the security situation" and now wished to close out its contracts with the United States military (R4, tab 5 at 2). The email requested that the Army inform Bushra of the payments made on the contract (*id.*). The Army apparently responded to Bushra by forwarding it a copy of the contract modification terminating it for cause (*id.* at 1).

5. Bushra made no attempt to challenge the termination for cause in any manner until 5 August 2013, when it sent an email to Army contract closeout personnel inquiring about the status of the contract (R4, tab 6). After some back and forth with Army personnel, Ms. Joan Wysoske, Chief of Reachback Closeouts for the Army Contracting Command, wrote to Bushra that the contract had been terminated for Bushra's "failure to perform" and that a copy of the modification was sent to Bushra on 29 June 2012[2] (R4, tab 10 at 4). Ms. Wysoske also wrote that, "no compensation is coming to you" (*id.* at 3). Bushra responded that its failure to perform was the Army's fault (*id.*).

6. More email traffic followed, including a statement from Bushra on 2 September 2013 that it "want[ed] compensation equals to our lost money" (R4, tab 10 at 2). On 3 September 2013, the Army told Bushra that it needed to submit a claim telling the Army, "the exact amount of the money you wish the government to pay you and why the government should pay you any compensation" (*id.*). On 10 September 2013, Bushra sent to the Army an email with an attachment that it characterized as its "claim for settlement" (*see id.* at 1-2; R4, tab 13 (the apparent attachment)).

---

[1] As in the referenced clause in the Federal Acquisition Regulation (FAR), FAR 52.212-4(m), the government could use the terms "termination for cause" and "termination for default" interchangeably.

[2] The 29 June 2012 correspondence, itself, is not in any of the files produced in this case, though the statement that there was such correspondence is consistent with the documents in tab 5 of the Rule 4 file.

2

7. The 17-page attachment (Bushra's claim) consisted largely of "screen shots" of email between Bushra and various Army personnel discussing performance of the contract with a narrative interspersed between the screenshots (*see* R4, tab 13). We construe it to be solely a challenge to the Army's termination for cause, and to constitute an effort to recoup money that Bushra lost as a consequence of that termination (R4, tab 13 at 15). In general, Bushra argued that its designated point of contact with the Army, 1LT Todd Lohstreter, was not receiving his emails as a result of a problem on 1LT Lohstreter's end and that this prevented Bushra from performing (R4, tab 13 at 4). On page 15 of Bushra's claim, it stated that it needed to make a settlement for "all the cost we spent under this contract" and then referred the reader to its agreement with the Boad Almada company for limestone, which it purportedly paid (*id.* at 15). The remaining two pages of Bushra's claim appear to be in Arabic and include some tables with numbers in them, but it is not clear what the numbers represent or in what denomination they would be if the figures actually are costs (*see id.* at 16-17).

8. Ms. Wysoske informed Bushra, on 26 September 2013, that the document referred to as Bushra's claim did not, in fact, constitute a claim because it did not include the amount of money requested from the government and, if that amount were greater than $100,000, it needed to be certified (R4, tab 10 at 1). She also attached a sheet of instructions about how to file a claim (*id.*). On 17 October 2013, Ms. Wysoske, in response to a follow-up email from Bushra, informed it that she "reject[ed]" its claim as "untimely and unsupported" and added that Bushra never gave her a "dollar amount of the claim" (R4, tab 11).

9. There, things laid for a little more than a year, until 28 October 2014, when Bushra sent another email to the Army, essentially resubmitting the identical claim, dated 10 September 2013, that Ms. Wysoske had earlier "reject[ed]" (R4, tab 13). The Army responded on the same date, explaining that it had reviewed the documentation provided by Bushra and that "[n]o payment will be made" (R4, tab 12 at 1). On 5 January 2015, Bushra again sent an email to the Army attaching the same claim and requesting a response (R4, tab 14).

10. On 8 January 2015, CO Thomas Petkunas issued what he characterized as a "final decision," rejecting the claim (R4, tab 15 at 1). This "final decision" noted that the claim was "untimely and unsupported" and that Bushra never gave a dollar amount for the claim (*id.*). It also noted that the contract had been terminated for cause on 18 February 2007 and went on to explain Bushra's appeal rights under the Contract Disputes Act (*id.*).

11. Bushra filed an appeal with the Board on 7 April 2015 – within 90 days of the 8 January 2015 letter.

3

We do not possess jurisdiction to consider this appeal because Bushra's appeal of the CO's decision to terminate the contract for default was presented to us more than 90 days after receipt of the final decision terminating the contract for cause.

The timeliness of appealing a CO's final decision is a matter of the Board's jurisdiction. *See* 41 U.S.C. § 7104 (2011) (formerly 41 U.S.C. § 606); *Cosmic Construction Co. v. United States*, 697 F.2d 1389, 1390 (Fed. Cir. 1982) (requirement that appeal be made within 90 days is jurisdictional).

By statute, any challenge to a CO's decision must be brought before the Board within 90 days of that decision being received by the contractor. 41 U.S.C. § 7104; *Cosmic Constr.*, 697 F.2d at 1390; *Decker & Co. v. West*, 76 F.3d 1573, 1578 (Fed. Cir. 1996) (citing *Cosmic Constr.*, 697 F.2d at 1390). In the case of a termination for cause, such as the one presented here, receipt of notification of the CO's decision to terminate for cause begins the 90-day clock. *Placeway Constr. Corp. v. United States*, 920 F.2d 903, 906-07 (Fed. Cir. 1990).

Here, it is undisputed that Bushra was informed of its termination for default more than 90 days before its appeal. The first such notification occurred on 18 February 2007, when the Army notified Bushra of its termination, and Bushra, in fact, received this termination letter the same day (SOF ¶ 3). Bushra did not file an appeal before 19 May 2007, the 91st day after notification of contract termination. At that date, this Board lost its jurisdiction to consider Bushra's appeal.

Although the Army's termination letter failed to include language required by the FAR fully explaining its appeal rights, that deficiency, alone, does not prevent the letter from triggering the limitation period. The letter *did* refer Bushra to the proper FAR provisions explaining how to appeal the CO's decision (*see* SOF ¶ 3), and if Bushra does not prove that the letter's failure to more directly set forth the means of appeal caused it actual prejudice, it cannot use the deficiency to invalidate the decision and vitiate its finality. *See Decker & Co.*, 76 F.3d at 1579 (requiring proof of detrimental reliance); *see also Mansoor International Development Services*, ASBCA No. 58423, 14-1 BCA ¶ 35,742 at 174,926. Bushra, quite simply, has made no allegation that it was misled by the letter (indeed, it made no allegation in defense of the government's motion, whatsoever), and thus, the deficient notice of appellate rights does not invalidate the termination letter's starting of the appellate clock. *See Medina Contracting Co.*, ASBCA No. 53783, 02-2 BCA ¶ 31,979 at 158,020 (declining to presume prejudice when not alleged by appellant).

Similarly, Bushra's oblique reference, in its 25 June 2012 email to the government, to having been absent from Iraq for a time due to "the security situation" there (*see* SOF ¶ 4), does not change matters. Bushra has not alleged that its absence

from Iraq (during an unspecified period of time that apparently ended some time prior to 25 June 2012) in any way prevented it from accessing its email and being aware of its termination for cause or that in any way it was hindered from pursuing its appeal rights in a timely manner. Moreover, even if "the security situation" provided a full and complete factual and legal excuse for Bushra to withhold its appeal until the situation were resolved (which it does not), by 25 June 2012, at the latest, Bushra was free enough of those concerns to be corresponding with the government about its contract. No correspondence beyond the 25 June 2012 inquiry was filed before 24 September 2012, the 91st day. Thus, under no circumstances can the security situation in Iraq justify Bushra's failure to file a timely appeal.

We further note that the government's communication with Bushra in 2013 and 2014, acceptance of its claim[3] and issuance of an apparently superfluous COFD has no effect upon our jurisdiction here. To be sure, there are cases in which the government's signaling to the parties that it was reconsidering a claim acted to stay the running of the appeal period, *see, e.g., Guardian Angels Medical Service Dogs, Inc. v. United States*, 809 F.3d 1244 (Fed. Cir. 2016); *Sach Sinha and Associates, Inc.*, ASBCA No. 46916, 95-1 ¶ 27,499 at 137,040, but there is no evidence in this record that reconsideration occurred, nor does Bushra claim that it did. Moreover, it is well settled that communications after conclusion of the appeal period "perforce could not have had any effect" on the view of the finality of the termination decision during the appeal period. *Shafi Nasimi Constr. & Logistics Co.*, ASBCA No. 59916, 16-1 BCA ¶ 36,215.

Thus, we conclude that Bushra did not file a timely notice of appeal.

### CONCLUSION

For the reasons stated herein, we dismiss ASBCA No. 59918 for lack of jurisdiction.

Dated: 22 April 2016

J. REID PROUTY
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[3] To be clear, the only claim in this case is the government's termination for default.

5

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59918, Appeal of Bushra Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6