ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                            )
                                        )
Carter Safety Consultants, Inc.         )       ASBCA No. 60779
                                        )
Under Contract No. W912P8-10-P-0255     )

APPEARANCE FOR THE APPELLANT:           Ms. Cliftena Carter
                                        CEO

APPEARANCES FOR THE GOVERNMENT:         Thomas H. Gourlay, Jr., Esq.
                                         Engineer Chief Trial Attorney
                                        David R. Dyer, Esq.
                                         Engineer Trial Attorney
                                         U.S. Army Engineer District,
                                         New Orleans

OPINION BY ADMINISTRATIVE JUDGE O'CONNELL
ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The United States Army Corps of Engineers moves to dismiss this appeal for lack
of jurisdiction, contending that Carter Safety Consultants, Inc. (Carter) failed to file a
timely appeal from the contracting officer's final decision (COFD). We grant the
government's motion and dismiss the appeal.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. The government and Carter entered into Contract No. W912P8-10-P-0255
(contract) on 30 September 2010 for information and project scheduling support (R4, tab 29).

2. By letter dated 8 February 2016, Carter submitted a certified claim to the
contracting officer (CO) for $109,542.60 for final payment under the contract (R4, tab 5).

3. By letter dated 21 April 2016, the CO issued a final decision denying the claim
(R4, tab 1). The COFD notified Carter of its right to appeal the decision to the Board
within 90 days of receipt or to bring an action directly in the United States Court of
Federal Claims within 12 months of receipt (*id.* at 22). The COFD also provided the
mailing address for the Board (*id.*).

4. The contracting officer emailed the final decision to Carter on 21 April 2016
and also sent it by certified mail. Carter received the certified mail copy on 25 April
2016. (R4, tab 1 at 1-2)

5. By letter dated 5 August 2016, Carter appealed the COFD to the United States Government Accountability Office (GAO) (R4, tab 3). The letter stated that Carter had sent its appeal to the GAO several times before, the most recent attempt having been returned to Carter's offices on 12 July 2016 (*id.* at 1). Carter has not provided us with copies of its earlier appeals to the GAO.

6. By letter dated 22 August 2016 (submitted in an envelope bearing a postal meter stamp of 3 September 2016 and received by the Board on 6 September 2016), Carter filed its appeal with the Board from the 21 April 2016 COFD. In the notice of appeal, Carter stated it received a letter on 19 August 2016 from the GAO Contract Appeals Board (CAB) in which the CAB stated that it did not possess jurisdiction to consider Carter's appeal and referred Carter to this Board.

## DISCUSSION

The government moves to dismiss this appeal for lack of jurisdiction, asserting that Carter failed to file its appeal with the Board within 90 days of receiving the COFD. In its response, Carter did not address the timeliness of its appeal but merely argued the merits of its appeal.

The Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, requires a contractor to file an appeal of a COFD with the Board within 90 days from receipt of that COFD. 41 U.S.C. § 7104. We lack jurisdiction over any appeal filed outside this 90-day appeal period. *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1391 (Fed. Cir. 1982).

For purposes of this motion, we will assume that Carter received the COFD on 25 April 2016 (the date that it received the certified letter) rather than 21 April 2016 (the date that the contracting officer emailed it). With a starting date of 25 April 2016, Carter's appeal had to have been filed no later than Monday, 25 July 2016. Carter did not mail a notice of appeal to the Board until at least 22 August 2016 (ignoring for the moment the 12-day gap between the date of its letter and the postal meter stamp of 3 September 2016), which is more than 90 days after Carter received the COFD (SOF ¶ 6).

We have held that we possess jurisdiction under the CDA in narrow circumstances where the contractor sent a timely notice of appeal to other officials in the Department of Defense. *E.g., Contraves-Goerz Corp.*, ASBCA No. 26317, 83-1 BCA ¶ 16,309 (timely notice of appeal addressed to the Secretary of the Air Force through the CO); *Brunner Bau GmbH*, ASBCA No. 35678, 89-1 BCA ¶ 21,315 (timely notice of appeal to government counsel); *Thompson Aerospace, Inc.*, ASBCA Nos. 51548, 51904, 99-1 BCA ¶ 30,232 (timely notice of appeal to CO).

In Carter's letter to the GAO dated 5 August 2016, Carter stated that it had tried to file an appeal with the GAO on or before 12 July 2016 (SOF ¶ 5), which raises the possibility that Carter filed an appeal within the 90-day period, albeit at the wrong forum.

2

We have held that, in contrast to appeals filed with the wrong official within the Department of Defense, we do not possess jurisdiction over appeals filed at other tribunals. *See Waterstone Environmental Hydrology and Engineering, Inc.*, ASBCA No. 57557, 12-1 BCA ¶ 35,028 (late appeal to ASBCA dismissed after wrongful appeal to the Civilian Board of Contract Appeals). Thus, Carter's alleged timely appeal to the GAO, which is not within the executive branch of the government, does not provide us with jurisdiction.

Finally, we observe that this is not an appeal where we would have expected the appellant to be confused by litigation options which a novice in contracting with the U.S. Army Corps of Engineers might find daunting. Our records indicate that we docketed an appeal filed by appellant on 3 October 2011 from another contract it had with the Corps, which we docketed as ASBCA No. 57800. The docket identifies appellant's representative as Cliftena Carter, the same representative as in this appeal. The parties litigated that appeal for 14 months and then reported a settlement to the Board. Accordingly, we see no explanation for appellant's failure to file a timely appeal with the Board.[*]

## CONCLUSION

The government's motion is granted and the appeal is dismissed for lack of jurisdiction.

Dated: 22 February 2017

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[*] We express no opinion as to whether appellant may file an action in the Court of Federal Claims, which, as noted above, has a 12-month filing deadline from receipt of the contracting officer's final decision.

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60779, Appeal of Carter Safety Consultants, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals