# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Military Aircraft Parts | ) ASBCA No. 60308 |
| | ) |
| Under Contract Nos. SPM4A7-08-M-4911 | ) |
| SPM4A7-10-M-B971 | ) |

APPEARANCE FOR THE APPELLANT:    Mr. Robert E. Marin
                                 President

APPEARANCES FOR THE GOVERNMENT:   Daniel K. Poling, Esq.
                                    DLA Chief Trial Attorney
                                  Edward R. Murray, Esq.
                                  Jason D. Morgan, Esq.
                                    Trial Attorneys
                                    DLA Aviation
                                    Richmond, VA

## OPINION BY ADMINISTRATIVE JUDGE SWEET ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The Defense Logistics Agency (DLA) moves to dismiss this appeal for lack of jurisdiction on the basis that Military Aircraft Parts (MAP) failed to timely appeal from a contract termination for default and from a final decision denying MAP's claim arising from the cancellation of a purchase order. We grant DLA's motion in part, and deny it in part.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. DLA and MAP entered into Contract No. SPM4A7-08-M-4911 (contract 4911) on 22 January 2008 for 79 aircraft fairings in support of the F-15 aircraft with first article due by 28 December 2008 and production quantities by 24 October 2009 (R4, tab A-1). DLA unilaterally issued Purchase Order No. SPM4A7-10-M-B971 (purchase order B971)[1] to MAP on 3 May 2010 for similar aircraft fairings with first article due by 2 August 2010 and production quantities by 28 February 2011 (R4, tab B-1).

---

[1] We do not take a position on whether the unilateral purchase order ripened into a contract. *See DODS, Inc.*, ASBCA No. 57817, 12-2 BCA ¶ 35,083 (explaining the conditions upon which unilateral purchase orders ripen into contracts).

2. By letter dated 10 January 2013, the contracting officer (CO) issued a final decision (2013 COFD) terminating contract 4911 for default for "failure to deliver the supplies in accordance with the established delivery schedule" (R4, tab A-4 at 1). The 2013 COFD notified MAP of its right to appeal the decision to the Board within 90 days of receipt, or to bring an action directly in the United States Court of Federal Claims within 12 months of receipt (*id.*).

3. MAP received the 2013 COFD by certified mail on 14 January 2013 (gov't mot., ex. F).

4. By Modification No. P00001, signed on 11 January 2013, the CO withdrew purchase order B971 because delivery of the supplies was not made by the required date (R4, tab B-2).

5. By letter dated 1 June 2015, MAP submitted a claim for $17,582.08 to the CO under both contract 4911 and purchase order B971 (R4, tab A-5). MAP alleged that the CO "impeded MAP's ability to complete FAT [first article] testing,"[2] and "failed to use discretion in the application of Termination for Default, despite excusable reasons for failure and failure to conditionally approve a FAT with minor defects shown likely to be correctable in production through the efforts of the accord and satisfaction" (*id.* at 5).

6. By letter dated 31 July 2015, the CO stated that no final decision would be issued on the contract 4911 claim because contract 4911 "was properly terminated for default over two years ago" (R4, tab A-6 at 9). However, the CO issued a final decision (2015 COFD) for the purchase order B971 claim (*id.* at 9-10). The CO denied the purchase order B971 claim (*id.*). The 2015 COFD notified MAP of its right to appeal the decision on the purchase order B971 claim to the Board within 90 days of receipt, or to bring an action directly in the Court of Federal Claims within 12 months of receipt (*id.* at 10).

7. The government sent the 2015 COFD via email to MAP on 31 July 2015 (R4, tab A-6). However, there is no evidence as to when MAP received that email. The government subsequently sent a copy of the 2015 COFD via certified mail to MAP's mailing address in Rancho Cordova, California (R4, tab A-7). The post office in Rancho Cordova received the 2015 COFD on 7 August 2015, but the document could not be delivered to MAP because no authorized recipient was available during delivery attempts (*id.* at 3). On 8 September 2015, the post office returned the 2015 COFD to the government after the expiration of the maximum hold time (*id.*).

---

[2] Purchase order B971 states that "[c]onsideration will be given to waiver of first article provisions in this order upon approval of first article in order SPM4A7-08-M-4911 [contract]" (R4, tab B-1 at 2). Therefore, issues with first article testing affected both contract 4911 and purchase order B971.

8. On 2 November 2015, MAP filed with the Board its appeal from the 2015 COFD, and from a "deemed denial" of the contract 4911 claim.

## DISCUSSION

The Board does not possess jurisdiction over DLA's contract 4911 claim, but there is insufficient evidence at this point to show that the Board does not possess jurisdiction over DLA's purchase order B971 claim. "A contractor, within 90 days from the date of receipt of a contracting officer's decision...may appeal the decision to an agency board." 41 U.S.C. § 7104. The Board does not possess jurisdiction over any appeal filed outside of this 90-day appeal period. *Cosmic Construction Co. v. United States*, 697 F.2d 1389, 1390-91 (Fed. Cir. 1982); *see also* 41 U.S.C. § 7103(g) ("The contracting officer's decision on a claim is final and conclusive and is not subject to review by any forum, tribunal, or Federal Government agency, unless an appeal or action is timely commenced as authorized by this chapter."). "It is the government's burden to establish the date the [CO] final decision was received, but the burden of proof is on appellant to establish that its appeal was timely filed." *TTF, LLC*, ASBCA No. 59511 *et al.*, 15-1 BCA ¶ 35,883 at 175,434. The burden on appellant can be met by affidavit or other evidence. *Bearing and Drive Systems, Inc.*, ASBCA No. 31175, 86-1 BCA ¶ 18,577 at 93,289.

### I. MAP's Contract 4911 Claim is Untimely

MAP's appeal under the contract is untimely. MAP received the 2013 COFD regarding MAP's contract 4911 claim on 14 January 2013 (SOF ¶ 3). It did not file its appeal until 2 November 2015–more than 90 days after receipt of the 2013 COFD (SOF ¶ 8). Therefore, we do not possess jurisdiction over MAP's contract 4911 claim.

MAP argues that section 7104's 90-day statute of limitations to appeal a COFD to the Board is not jurisdictional under *Sikorsky Aircraft Corp. v. United States*, 773 F.3d 1315 (Fed. Cir. 2014). However, *Sikorsky* held that a different statute of limitations–namely the six-year statute of limitations to file a claim with the CO under 41 U.S.C. § 7103(a)(4)(A)–is not jurisdictional. The United States Court of Appeals for the Federal Circuit has not extended *Sikorsky* to the 90-day statute of limitations under section 7104. *Cf. Guardian Angels Med. Service Dogs, Inc. v. United States*, 809 F.3d 1244, 1252 (Fed. Cir. 2016) (declining to reach the issue of whether the 12-month statute of limitations to appeal a COFD to the United States Court of Federal Claims is jurisdictional). Absent such an extension, we–and the other Boards of Contract Appeals–have continued to follow the holding in *Cosmic Construction* that section 7104's 90-day statute of limitations is jurisdictional, even after *Sikorsky*. *Military Aircraft Parts*, ASBCA No. 60139, 16-1 BCA ¶ 36,390 at 177,423, *recon. denied*, slip op. (21 Feb. 2017); *see also Estes Bros. Constr. Inc. v. DOT*, CBCA No. 4963, 15-1 BCA ¶ 36,166; *Finkle v. USPS*, PSBCA No. 6540, 15-1 BCA ¶ 35,927.

Nor can MAP rely upon the purported fact that its claims under the contract were stand-alone claims against the government, instead of defenses to the termination for default. MAP's claims were "an implicit challenge to COFDs that were not timely appealed" and thus the Board lacks jurisdiction over MAP's claim. *Military Aircraft Parts*, 16-1 BCA ¶ 36,390 at 177,425. In this appeal, MAP's contract 4911 claim is an even more explicit challenge to a COFD that was not timely appealed (SOF ¶ 5). MAP acknowledged this when it stated in its claim that it is challenging the CO's discretion in terminating the contract for default (*id.*). Thus, we do not possess jurisdiction over MAP's claim under contract 4911.

### *II. MAP's Purchase Order B971 Claim is Timely*

The government has failed to meet its burden of establishing the date MAP received the 2015 COFD on its purchase order B971 claim. The government first points to the 31 July 2015 email. However, "[t]he contracting officer shall furnish a copy of the [final] decision to the contractor by certified mail, return receipt requested, or by any other method that provides evidence of receipt." FAR 33.211(b). Thus, the government must provide "objective indicia of receipt." *Riley & Ephriam Constr. Co. v. United States*, 408 F.3d 1369, 1372 (Fed. Cir. 2005) (holding that evidence that the government transmitted a fax was insufficient to show receipt of that fax). As with the fax in *Riley & Ephriam*, while there is evidence that the government transmitted the 2015 COFD via email on 31 July 2015, there is no objective indicia that MAP received the 2015 COFD on that date (SOF ¶ 7). *Cf. Trygve Dale Westergard v. GSA*, CBCA No. 2522, 11-2 BCA ¶ 34,842 at 171,394.

The government argues that MAP must have received the 31 July 2015 email because it appealed the 2015 COFD attached to that email. That inference is sound. However, it sheds no light upon the relevant issue of when MAP received the email. Absent such evidence, we cannot determine whether MAP filed its appeal within 90 days of its receipt of the 2015 COFD.

The government also argues that MAP admitted in its complaint that it received the 2015 COFD on 31 July 2015. However, the complaint alleges that "[o]n 31 July 2015 DLA Branch Chief Janice Hicks issued a Contracting Officer's Final Decision (COFD) stating the termination for default would not be revisited and the claim under [purchase] order SPM4A7-10-M-B671 was denied" (compl. ¶ 23). Thus, the complaint merely alleges that the COFD is dated 31 July 2015, not that MAP received the 2015 COFD on 31 July 2015.

The government also points to the copy of the 2015 COFD that it sent by certified mail. However, the Rancho Cordova post office did not receive the certified mail until

4

7 August 2015 (SOF ¶ 7). MAP filed this appeal less than 90 days later, on 2 November 2015 (SOF ¶ 8).[3]

Therefore, the government has failed to meet its burden, and we find that MAP is timely in its appeal of the 2015 COFD denying its purchase order B971 based upon the factual circumstances before us.

CONCLUSION

The government's motion is granted with respect to the contract 4911 claim, and that part of the appeal is dismissed for lack of jurisdiction. The government's motion is denied with respect to the purchase order B971 claim.

Dated: 1 March 2017

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[3] Where a CO sends multiple copies of a COFD, the date the contractor receives the later copy usually governs when the statute of limitations starts to run because the receipt of multiple copies of the COFD may confuse the contractor. *TTF, LLC*, 15-1 BCA ¶ 35,883 at 175,435. That rule does not apply here because MAP never received the copy of the 2015 COFD sent by certified mail, so there could not have been confusion (SOF ¶ 7).

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60308, Appeal of Military Aircraft Parts, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
