# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Horton Construction Co., Inc. | )     ASBCA No. 61085 |
| | ) |
| Under Contract No. W9124E-11-C-0021 | ) |

APPEARANCE FOR THE APPELLANT:     Gregory D. Coleman, Esq.
    Johnson Hopewell Coleman, LLC
    Decatur, GA

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
    Army Chief Trial Attorney
    MAJ Bruce L. Mayeaux, JA
    Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE OSTERHOUT ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

This is an appeal of a contracting officer's denial of a claim by Horton Construction Co., Inc. (Horton or appellant), alleging that it is owed $274,599.00 because the contract required, in part, crushing and removal of approximately 69,000 tons of concrete but the actual amount was closer to 29,000 tons and, alternatively, $244,282.00 under the "Variation in Estimated Quantity clause," which was not included in the contract (R4, tab 27 at 25). In its complaint, Horton alleges that one of three clauses should have been used to grant its relief: Federal Acquisition Regulation (FAR) 52.243-4, CHANGES (JUN 2007); FAR 52.236-2, DIFFERING SITE CONDITIONS (APR 1984); or FAR 52.211-18, VARIATION IN ESTIMATED QUANTITY (VEQ clause). The government moves for summary judgment arguing there is no genuine dispute that the request for equitable adjustment was made after final payment with a final release of claims and the VEQ clause was not a part of the contract and thus it is entitled to judgment as a matter of law. In response, Horton alleged that Mr. Chauncy Horton was not authorized to sign the final release of claims and the VEQ clause should be read into the contract as a matter of law. We deny the government's motion for summary judgment.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. In September 2011, a contracting officer from the Directorate of Contracting, Mission and Installation Contracting Command, Fort Polk, Louisiana, awarded Contract No. W9124E-11-C-0021, a firm-fixed-price contract in the amount of $1,943,148.51, to Horton. The contract provided in the Rule 4 file is not signed by any Horton representatives. (R4, tab 1) Additionally, Horton's final proposal provided in the Rule 4 file is not signed by any Horton representatives (R4, tab 4).

2. The work to be performed included crushing a concrete stockpile and work associated with erosion control at Fort Polk, Louisiana (R4, tab 1 at 7).

3. The following clauses were incorporated into the contract and state in pertinent part:

> FAR 52.243-4, CHANGES (JUN 2007). "(f) No proposal by the Contractor for an equitable adjustment shall be allowed if asserted after final payment under this contract." (R4, tab 1 at 48)

> FAR 52.236-2, DIFFERING SITE CONDITIONS (APR 1984). "(d) No request by the Contractor for an equitable adjustment to the contract for differing site conditions shall be allowed if made after final payment under the contract." (R4, tab 1 at 43)

> FAR 52.232-5, PAYMENTS UNDER FIXED-PRICE CONSTRUCTION CONTRACTS (SEP 2002). "(h) *Final payment*. The Government shall pay the amount due the Contractor under this contract after— ...(3) Presentation of release of all claims against the Government arising by virtue of this contract, other than claims, in stated amounts, that the Contractor has specifically excepted from the operation of the release." (*Id.*)

4. FAR 52.211-18, VARIATION IN ESTIMATED QUANTITY, was not included in the contract (R4, tab 1).

5. The contract called, in part, for crushing a "[s]tock pile of approximately 69,000 Tons of concrete" (R4, tab 1 at 10).

6. During performance of the contract, the actual amount of concrete that Horton was required to crush amounted to approximately 28,997 tons of concrete (compl. ¶ 11).

7. On 18 January 2012, the parties executed a no-cost bilateral modification to revise the Statement of Work and other administrative changes, signed for appellant by Mr. Chauncy Horton (R4, tab 6).

8. On 27 January 2012, Mr. Chauncy Horton notified the government via electronic mail that the concrete at the site was not 69,000 tons and requested a rate adjustment without specifying the rate it wanted (R4, tab 8).

2

9. On 1 February 2012, the contracting officer responded via a letter, denying the request to adjust the rate (R4, tab 9). The denial was based on the language "approximately 69,000 Tons of concrete" and the possibility of more concrete being added because the period of performance was still continuing (*id*. at 1).

10. On 29 June 2012, the parties executed a no-cost bilateral modification to extend the period of performance, signed for appellant by Mr. Chauncy Horton (R4, tab 13).

11. On 29 August 2012, the parties executed another no-cost bilateral modification to extend the period of performance, signed for appellant by Mr. Chauncy Horton (R4, tab 14).

12. On 12 November 2012, Mr. Chauncy Horton signed FP Form 1186, Certification of Final Payment, Contractors Release of Claims (final payment and final release). This release of claims was witnessed by someone with the title "Estimator" and someone with the title "Secretary." The secretary signature appears to be that of Dominique Horton Washington.* (R4, tab 16)

13. On 6 March 2014, the parties executed a bilateral modification to de-obligate funds, signed for appellant by Mr. Chauncy Horton (R4, tab 18).

14. Between 23 October 2014 and 17 July 2015, Mr. J. L. Horton, Sr., signed several letters requesting an equitable adjustment due to the difference between the estimated 69,000 tons of crushed concrete and the lower actual amount of crushed concrete (R4, tabs 19-23). The second of two letters sent on 23 October 2014 included a reference to Horton's subcontractor for the reduced amount of crushed concrete to an arbitrator's award of "nearly $250,000" (R4, tab 20). On 5 October 2015, Horton submitted an unsigned update including legal expenses in the amount of $551,091.94 (R4, tab 24).

15. On 27 May 2016, attorneys for Horton submitted a certified claim for equitable adjustment in the amount of $274,599.00 (R4, tab 27). Ms. Dominque Horton Washington, Vice President, signed the certification (*id*. at 26).

16. On 16 December 2016, the contracting officer denied the claim (R4, tab 28).

17. By letter dated 8 March 2017 Horton filed a timely notice of appeal with the Board, which was docketed as ASBCA No. 61085.

---

* Dominique Horton Washington is listed as Secretary on 12 November 2012, and on 27 May 2016 in the certified claim nearly 4 years later, Ms. Washington's title is listed as Vice President (SOF ¶¶ 12, 15).

3

The government contends, *inter alia*, it should be granted summary judgment because the claim arose after several modifications, the final payment, and a final release were executed (gov't mot. at 9). Horton argues that the individual who signed the final payment and final release, Mr. Chauncy Horton, was not authorized to do so. Thus, Horton concludes that because Mr. Chauncy Horton did not have the requisite authority or the intent to release a claim, genuine issues of fact exist as to the sufficiency of the government's fundamental position that the final release was properly executed. (App. resp. at 7) The government counters that Mr. Chauncy Horton was a business point of contact and had actual or apparent authority to bind appellant (gov't reply at 2).

We have carefully considered the Army's allegations and the underlying modifications and release in question and conclude that there are genuine issues of material fact that preclude summary judgment. It is well settled that summary judgment is appropriate where the moving party establishes that there are no disputed material facts, and the moving party is entitled to judgment as a matter of law. *Riley & Ephriam Constr. Co. v. United States*, 408 F.3d 1369, 1371-72 (Fed. Cir. 2005); *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987). However, "all significant doubt over factual issues must be resolved in favor of the party opposing summary judgment." *Mingus*, 812 F.2d at 1390 (citations omitted). A material fact is one that affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

The moving party, in this case the government, bears the burden of demonstrating that there are no genuine issues of material fact. *The Public Warehousing Co.*, ASBCA No. 57510, 13 BCA ¶ 35,314 at 173,363 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). Summary judgment must be denied if the moving party fails to submit sufficient evidence to meet its initial burden, even if the non-moving party fails to oppose the proffered evidence. *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970)).

Here, our review concludes that the Army failed to submit sufficient evidence to meet its initial burden, specifically whether Mr. Chauncy Horton was authorized to sign the final payment and final release for appellant. Because the government relies upon the final payment and final release in its argument, the validity of the final payment and final release is material to the government's motion. As noted in our findings, neither the original contract nor the final Horton proposal are signed by any Horton representatives and do not demonstrate which Horton personnel had the authority to enter into agreements between Horton and the Army. While Mr. Chauncy Horton signed several modifications which were signed prior to the final payment and final release paperwork, all of these modifications were no-cost changes and do not demonstrate the extent to which Mr. Chauncy Horton was authorized to enter agreements between Horton and the

Army. Further, the affidavits provided by the government do not provide this missing information. Because this missing information demonstrates a genuine issue of material fact, we must deny the motion for summary judgment.

Based on the decision above, we need not, at this time, decide if the VEQ clause should be read into the contract as a matter of law or whether Chauncy Horton had apparent authority.

## CONCLUSION

The government's motion for summary judgment is denied.

Dated: 1 September 2017

HEIDI L. OSTERHOUT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61085, Appeal of Horton Construction Co., Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5