ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Phoenix Hawk Construction Company | )     ASBCA No. 60987 |
| | ) |
| Under Contract No. W56JSL-12-P-2162 | ) |

APPEARANCE FOR THE APPELLANT:       Mr. Aghashirin Ahmadi
                                              President & CEO

APPEARANCES FOR THE GOVERNMENT:    Raymond M. Saunders, Esq.
                                              Army Chief Trial Attorney
                                            MAJ Bruce H. Robinson, JA
                                              Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE YOUNGER ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

CENTCOM-Joint Theater Support Contracting Command (government) moves to dismiss this appeal, arguing that, Phoenix Hawk Construction Company (appellant), failed to submit a timely appeal as required under the Contract Disputes Act (CDA), 41 U.S.C. § 7104(a). Appellant generally argues that it "has provided all evidence and supporting documents, Email communications pertaining to this project and Appeal[, and it] has provided the incurred Cost, proof of paid receipt," and no documents support the government's motion (app. resp.). We deny the government's motion.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. On July 30, 2012, the government awarded Contract No. W56JSL-12-P-2162 to appellant for the construction of 223 T-Walls and 6 concrete bunker sets in Afghanistan with an August 30, 2012 delivery date (R4, tab 1 at 1, 3-4).

2. On February 9, 2013, the government issued Modification No. P00003 terminating the contract in its entirety (R4, tab 4).

3. On March 9, 2014, the government emailed appellant, stating, in part: "Would you please send an invoice with any emails associated with submitting a pervious [sic] invoice as well?" (supp. R4, tab 15 at 1).

4. In response to the government's email request, appellant responded with an email dated March 9, 2014, stating, in part: "Please find attachment files for our company invoice and EFT Form for the subject contract number" (supp. R4, tab 15 at 1).

Attached to the email is an undated document signed by Aghashirin Ahmadi[1], titled, "Claim Letter," which states, in part:

> SGT Scott reply dated Feb 17 2014...stated that the contract cancellation was done unilaterally. I have attached all Emails as proof.
>
> ....
>
> We are looking [at] amount of **$91,734.00 Total that is the amount of Money we have incurred for this project,** which is our right and US-Government is liable to reimburse for this project.
>
> I hereby certify that the claim is made in good faith. The Emails which I have includ[ed] in documents are accurate and complete to the best of my knowledge. Hence we are humbly requesting your esteemed Office for justice.

(Supp. R4, tab 16 at 2-3) Appellant's March 9, 2014 email and letter contain three distinct email addresses[2]: (i) the March 9 email sent from email 1 (supp. R4, tab 15 at 2); (ii) the purported claim letter contains email 2 in the signature block (supp. R4, tab 16 at 3); and, (iii) the purported claim letter has a footer on each page bearing the email address of email 3 (supp. R4, tab 16).

5. The record includes a purported contracting officer's final decision, dated April 3, 2014, stating that appellant was entitled to payment for 60 T-Walls in the amount of AFN 1,654,193.16 ($29,539.17) (R4, tab 6 at 2). The document did not include any appeal rights language. We are unable to identify evidence in the record that this document was received by appellant.

6. By email dated April 8, 2014, appellant requested the payment status of the accepted 60 T-Walls from the contracting officer (R4, tab 14 at 1-2). Appellant's email came from the email 1 address (*id.* at 1).

7. The record includes a contracting officer's final decision, dated April 9, 2014, which stated "[appellant] has claimed payment for costs in the amount of AFN 6,114,300 ($109,183.93)...in email dated 9 March 2014" and further stated that "[appellant] is entitled to payment for the 60 T-Walls...for a total of AFN 1,654,193.16 ($29,539.17)" (R4, tab 13). While the contracting officer's April 9 final decision

---

[1] The Board's file contains multiple spellings of Mr. Ahmadi's name. We have employed the spelling that appears in the contract.

[2] Due to privacy concerns, the actual email addresses have been removed.

2

states that appellant claimed AFN 6,114,300 ($109,183.93), appellant's March 9, 2014 purported claim letter states appellant claimed "$91,734.00" (supp. R4, tab 16 at 3). The final decision included the standard appeal rights set forth at FAR 33.211(a)(4)(v), Contracting officer's decision (R4, tab 13).

8. On April 9, 2014, the contracting officer emailed his final decision to the email address from which appellant had been communicating with the contracting officer, email 1 (R4, tab 14 at 1). The record contains no evidence of receipt by appellant and no subsequent emails from appellant.

9. On January 10, 2017, appellant emailed the Board, stating, in relevant part, "in attachment and this Email you will find Claim for T-Walls delivery at Camp Salerno under contract #: W56JSL-12-P-2162." The Board docketed this email as ASBCA No. 60987. The email includes, as an attachment, an undated letter stating, in part:

> Subject: Claim Letter
>
> ....
>
> The project [was] unilaterally cancelled dated 7 Feb. 2013, the [contracting officer] didn't specify the result of Cancellation, we have sent many Emails to [the contracting officer] in order to verify the reason of Cancellation. Unfortunately the [contracting officer] didn't reply any of our Email [sic].
>
> Despite knowing that we have paid for T-walls, the [contracting officer] waived to reimburse us the Cost that we incurred....
> Our Company was paid ONLY $ 34,022.00, whereas [the contracting officer] knew that we have paid all amount of Money for T-walls in advance. We have paid Amount of AFN 6,114,300.00.
>
> We are looking amount of **the remaining amount of Money that we have incurred for this project**, which is our right and US-Government is liable to reimburse for this project.

The unsigned letter further states, "I hereby certify that the claim is made in good faith." The email was sent from email 2 and the attached letter lists appellant's contact information as email 2 and email 3. These email addresses differ from the email 1 address to which the government emailed the April 9, 2014 contracting officer's final decision (*see* statement 8).

3

## DECISION

The government argues that we lack jurisdiction over this appeal because appellant did not file its notice of appeal within the 90-day statutory period of receipt of the final decision (gov't mot. at 4).

"A contractor, within 90 days from the date of receipt of a contracting officer's decision...may appeal the decision to an agency board." 41 U.S.C. § 7104. The Board lacks jurisdiction over any appeal filed outside of this 90-day appeal period. *Cosmic Construction Co. v. United States*, 697 F.2d 1389, 1390-91 (Fed. Cir. 1982); 41 U.S.C. § 7103(g) ("The contracting officer's decision on a claim is final and conclusive and is not subject to review by any forum, tribunal, or Federal Government agency, unless an appeal or action is timely commenced as authorized by this chapter."). "It is the government's burden to establish the date the [contracting officer's] final decision was received, but the burden of proof is on appellant to establish that its appeal was timely filed." *TTF, LLC*, ASBCA No. 59511 *et al.*, 15-1 BCA ¶ 35,883 at 175,434; *Military Aircraft Parts*, ASBCA No. 60308, 17-1 BCA ¶ 36,680 at 178,609 (the government failed to meet its burden of establishing the date appellant received the contracting officer's final decision even though appellant subsequently appealed the decision attached to that email).

Here, the government has failed to meet its burden of establishing the date that appellant received either the April 3 (*see* statement 5) or the April 9, 2014 (*see* statement 7) final decisions. The government asserts that "appellant received the relevant [final decision] on or about 9 April 2014" (gov't mot. at 1). The government does not point to any evidence of receipt of either final decision. It only proved that it sent the final decision dated April 9, 2014 to the email 1 address on April 9, 2014 at 6:39 AM (R4, tab 14 at 1). However, the FAR states that "[t]he contracting officer shall furnish a copy of the [final] decision to the contractor by certified mail, return receipt requested, or by any other *method that provides evidence of receipt*." FAR 33.211(b), Contracting officer's decision (emphasis added). Thus, "the government must provide 'objective indicia of receipt.'" *Military Aircraft Parts*, 17-1 BCA ¶ 36,680 at 178,610 (quoting *Riley & Ephriam Construction Company v. United States*, 408 F.3d 1369, 1372 (Fed. Cir. 2005)) (Government did not provide sufficient objective proof under the CDA that appellant received the final decision, which had been sent by facsimile and certified mail.); *but see, e.g., Singleton Enterprises*, ASBCA No. 58235, 14-1 BCA ¶ 35,554 at 174,227-28 (the government met its burden of proving contractor receipt of the final decision after failed delivery attempts through returned email and registered mail, when the contractor later verified its email address and admitted receiving an emailed final decision). "The Federal Circuit has interpreted receipt by the contractor to mean 'actual physical receipt of that decision by the contractor [or his representative.]'" *Riley & Ephriam*, 408 F.3d at 1372 (quoting *Borough of Alpine v. United States*, 923 F.2d 170, 172 (Fed. Cir. 1991)).

The government argues that "[i]t is incumbent on the party seeking relief to establish the Board's jurisdiction" (gov't mot. at 3) (citing *LaTella, Inc. d/b/a Advanced Electronic Systems*, ASBCA No. 55653, 07-1 BCA ¶ 33,521; and *Total Procurement Service, Inc.*, ASBCA No. 53258, 01-2 BCA ¶ 31,436). While that may be true, it is the government's burden in the first instance to establish the date the final decision was received. FAR 33.211(b); *Military Aircraft Parts*, 17-1 BCA ¶ 36,680 at 178,609. Once the government establishes appellant's receipt of the final decision, the burden then shifts to appellant to show that it timely filed a notice of appeal with this Board. *Singleton Enterprises*, 14-1 BCA ¶ 35,554 at 174,227-28; *John J. Kuqali General Contractor*, ASBCA No. 53979, 03-1 BCA ¶ 32,204 at 159,264; *Military Aircraft Parts*, 17-1 BCA ¶ 36,680 at 178,609.

The government's argument that "appellant bears the burden of proof to establish the timeliness of its appeal" with its citation to *LaTella* and *Total Procurement* is not persuasive (gov't mot. at 3). First, as stated above, the government must first show the date the final decision was received before shifting the timeliness burden to appellant. Second, *LaTella* and *Total Procurement* are not on point. The issue in *LaTella* was whether appellant had the requisite privity of contract. *LaTella*, 07-1 BCA ¶ 33,521 at 166,082-83. Likewise, in *Total Procurement*, the issue was whether a contract was formed through expressed or implied authority to bind the government. *Total Procurement*, 01-2 BCA ¶ 31,436 at 155,237-38. Neither *LaTella* nor *Total Procurement* dealt with the issue of the 90-day appeal period under the CDA; nor does either decision discuss the government's burden to show that the final decision was received by the contractor in the first instance.

There is no evidence that the government ever sent the April 3, 2014 final decision. The evidence shows that the government sent the April 9, 2014 final decision to the email 1 address. However, the government has not established that appellant received the final decision. Accordingly, we cannot conclude that the burden shifted to appellant to establish that it timely filed its notice of appeal to this Board.

CONCLUSION

The government's motion to dismiss is denied.

Dated: February 1, 2019

ALEXANDER YOUNGER<br>
Administrative Judge<br>
Armed Services Board<br>
of Contract Appeals

(Signatures continued)

5

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA No. 60987, Appeal of Phoenix
Hawk Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6