ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| MECTS Services Joint Venture | ) ASBCA No. 63441 |
| | ) |
| Under Contract No. N68335-13-C-0292 | ) |

APPEARANCES FOR THE APPELLANT: Antonio R. Franco, Esq.
                                               Matthew E. Feinberg, Esq.
                                               Lauren R. Brier, Esq.
                                                 PilieroMazza PLLC
                                                 Washington, DC

APPEARANCES FOR THE GOVERNMENT: Samuel W. Morris, Esq.
                                               DCMA Chief Trial Attorney
                                              Sheena M. Wandera, Esq.
                                               Peter M. Casey, Esq.
                                               Trial Attorneys
                                               Defense Contract Management Agency
                                               Hanscom Air Force Base, MA

OPINION BY ADMINISTRATIVE JUDGE YOUNG
ON JURISDICTION

On October 27, 2022, MECTS Services Joint Venture, a joint venture comprised of two members, MEC Development, LLC, and Technology and Supply Management, LLC (TaSM) (MECTS or appellant) appealed a contracting officer's final decision (COFD) dated July 6, 2022, by which the Defense Contract Management Agency (DCMA or government) disallowed certain direct costs. The Board, *sua sponte,* directed the parties to brief the timeliness of the appeal in light of the provisions of the Contract Disputes Act of 1976 (CDA), 41 U.S.C. § 7104. We hold that the appeal was untimely filed and dismiss it for lack of jurisdiction.

STATEMENT OF FACTS (SOF)

1. The COFD was issued on July 6, 2022 (R4, tab 30). On July 7, 2022, the contracting officer mailed the COFD by United States Postal Service (USPS) certified mail to three representatives of appellant (gov't br. at 1). Of the three letters that the government mailed to appellant's representatives, the one addressed to TaSM's CEO, Ms. Marina Burghstahler was successfully delivered on July 11, 2022 (*id.*; gov't br., ex. 1, USPS proof of delivery; *see also* app br. at 1), while the other two letters were returned as undeliverable (gov't br. at 1; ex. 2, USPS certified mail receipts with

legend "returned.")  The letters and return receipts were not included in the Rule 4 file and were later provided by the government as attachments to its brief.

2.  After several weeks of not receiving a response from the contractor, on August 1, 2022, the DCMA contracting officer subsequently emailed a copy of the COFD to appellant's other representatives, Ms. Mary Walgrave and Mr. Clarence O'Berry (gov't br. at 2; R4, tab 30).

3.  Appellant states that it first became aware of the COFD with DCMA's email of August 1, 2022 (app. br. at 2), and that it was not aware that the government had sent the COFD via certified letters until appellant received the government's brief on the timeliness of the appeal (app. br. at 1 n.1).

4.  Appellant "does not contest that . . . the USPS successfully delivered the final decision to Ms. Burghstahler on July 11, 2022" (app. br. at 1-2).  Accordingly, we find that appellant received notice of the decision on July 11, 2022.

5.  On October 27, 2022, MECTS appealed the COFD to the Board.  In the notice of appeal, MECTS stated that it received the COFD on August 1, 2022 and that its appeal was timely filed within 90 days of receipt.  We take judicial notice that October 27, 2022, is 87 days after August 1, 2022, and 108 days after July 11, 2022.

DECISION

Under the CDA, a COFD "is not subject to review by any forum, tribunal, or Federal Government agency, unless an appeal or action is timely commenced." 41 U.S.C. § 7103(g).  To initiate an appeal from a final decision to an agency board, a contractor must do so within 90 days from receipt of the decision.  41 U.S.C. § 7104(a). This 90-day appeal period is statutory and may not be waived or extended.  *See Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390 (Fed. Cir. 1982).  Therefore, a timely appeal is a jurisdictional prerequisite for the Board to entertain an appeal.  *See Mansoor Int'l Dev. Servs.*, ASBCA No. 58423, 14-1 BCA ¶ 35,742 at 174,926-27.

The CDA requires a contracting officer to "mail or otherwise furnish a copy of the decision to the contractor."  41 U.S.C. § 7103(d).  Federal Acquisition Regulation (FAR) FAR 33.211(b) further provides that the contracting officer is to furnish a copy "by certified mail, return receipt requested, or by any other method that provides evidence of receipt."  While appellant bears the burden of proof to establish that its appeal to the Board was timely filed, the government bears the burden of establishing the receipt date of the final decision by the contractor.  *Singleton Enterprises*, ASBCA No. 58235, 14-1 BCA ¶ 35,554 at 174,227.  To meet this burden, the government must provide "objective indicia" of actual physical receipt.  *Riley & Ephriam Constr. Co. v. United States*, 408 F.3d 1369, 1372 (Fed. Cir. 2005).

2

We directed the parties to brief the timeliness of this appeal. Their respective positions are as follows: appellant concedes that the 90-day period to file its appeal started running on July 11, 2022, when Ms. Burghstahler received the COFD via certified mail; appellant asserts that the appeal was untimely filed, and requests that we dismiss it for lack of jurisdiction (app. br. at 1-3). Additionally, relying on *States Roofing Corp. v. United States*, 70 Fed. Cl. 299, 301-2 (2006) (citing *Nat'l Neighbors, Inc. v. United States*, 839 F.2d 1539, 1542 (Fed. Cir. 1988)), appellant avers that it intends to file a protective suit with the Court of Federal Claims while the Board determines whether the appeal before it is timely (*id.* at 3).[*] The government states that it presently takes no position on when the statutory 90-day period for MECTS to file its appeal to the Board expired (gov't br. at 2). We examine the facts before us to decide whether we have jurisdiction to entertain this appeal.

We found that the contracting officer sent the COFD to the contractor by certified mail which was received by the contractor on July 11, 2022, as evidenced by the USPS receipt of delivery provided by the government (SOF ¶¶ 1, 4). The USPS receipt of delivery constitutes "objective indicia" of delivery of the COFD to the contractor and thus the government has met its burden of establishing the receipt date of the final decision. *Riley & Ephriam Constr.*, 408 F.3d at 1372. We conclude that MECTS received the COFD on July 11, 2022.

Appellant states that it became aware of the COFD on August 1, 2022, by the government's email, and that it was not aware of the certified letters at the time it filed the appeal with the Board (SOF ¶¶ 2, 3). Appellant explicitly does not contest that its representative received the COFD by certified mail on July 11, 2022 (SOF ¶ 4). MECTS filed its appeal with the Board on October 27, 2022, 108 days after receipt of the COFD on July 11, 2022 (SOF ¶ 5). The 90-day appeal period set by the CDA is statutory and may not be waived or extended. *See Cosmic Const. Co*, 697 F.2d at 1390.

---

[*] We do not opine on appellant's intent to file suit at the Court of Federal Claims.

Because the appeal was filed with the Board after the 90-day period had expired, we conclude that the appeal was untimely.

CONCLUSION

We dismiss the appeal for lack of jurisdiction.

Dated:  July 19, 2023

LIS B. YOUNG
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Order of Dismissal of the Armed Services Board of Contract Appeals in ASBCA No. 63441, Appeal of MECTS Services Joint Venture, rendered in conformance with the Board's Charter.

Dated:  July 19, 2023

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals