**COSMIC CONSTRUCTION CO., Appellant,**

v.

**The UNITED STATES, Appellee.**

**No. 23–82.**

United States Court of Appeals. Federal Circuit.

Dec. 10, 1982.

Thomas Denoia of Giordano, Halleran & Crahay, Middletown, N.J., on the brief, for appellant.

Thomas W. Petersen and Mary Mitchelson, Washington, D.C., on the brief, for appellee. With them on the brief was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C.

Before MARKEY, Chief Judge, and RICH and DAVIS, Circuit Judges.

MARKEY, Chief Judge.

Appeal from an order of the Armed Services Board of Contract Appeals (board) dismissing with prejudice Cosmic Construction Co.'s (Cosmic's) appeal to it under the Contract Disputes Act as untimely. We affirm.[1]

### Background

On May 4, 1979 Cosmic submitted a claim for $1,015,012.82 to the contracting officer for Contract Number F 08650–76–90410.

---

**1.** The parties submitted the case on the briefs on November 7, 1982. On December 10, 1982, the court issued to the parties an unpublished opinion affirming the board's order. On December 22, 1982, the government filed a motion requesting publication of an opinion. The motion was granted, resulting in the present opinion.

By letter dated April 14, 1981 and received by Cosmic on April 18, 1981, the contracting officer issued a final decision denying the claim. Though the letter indicated that copies had been sent to Cosmic's counsel, counsel says none was received. During the relevant time period, the contract was before the board on an appeal of the contracting officer's final decision and termination for default. Counsel for the government and Cosmic had been in correspondence about the present claim. It is asserted that the officers of Cosmic failed to notify its counsel that the final decision had been received, relying upon the indication that copies had been sent to counsel and upon past practices under which earlier final decisions had been automatically appealed.

On his request, Cosmic's counsel received a copy of the final decision from the government on or about September 28, 1981. An appeal dated October 29, 1981 was received by the board on November 3, 1981. On November 18, 1981, the board sua sponte ordered Cosmic to show cause why the appeal should not be dismissed as untimely, having been filed more than six months after Cosmic's April 18, 1981 receipt of the contracting officer's final decision. Cosmic having failed to file the appeal within the ninety day period provided by statute, the board issued its December 30, 1981 order dismissing the appeal as untimely.

### Issues

Cosmic argues that the board has discretionary authority to waive the ninety day deadline for filing appeals to it, and that it

abused its discretion in refusing a waiver in this case.[2]

### Opinion

 Under section 6(b) of the Contract Disputes Act, 41 U.S.C. § 605(b) (Supp IV 1980) (Act), "a contracting officer's decision . . . shall be final and conclusive and not subject to review . . . unless an appeal or suit is timely commenced." Under section 7 of the Act, 41 U.S.C. § 606 (Supp IV 1980) a contractor's appeal to the board must be filed "within ninety days from the date of receipt of a contracting officer's decision." The ninety day deadline is thus part of a statute waiving sovereign immunity, which must be strictly construed, *Soriano v. United States,* 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957), *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941), and which defines the jurisdiction of the tribunal, here the board. *Id.,* at 586–87, 61 S.Ct. at 769–70.

Cosmic argues that the ninety day period under the statute should be analogized to the thirty day period set forth in the standard "disputes clause" found in government contracts, citing the decision of the General Services Board of Contract Appeals in *Irvin D. Judkins, d/b/a Imperator Carpet and Janitorial Service,* GSBCA No. 6164, 81–2 BCA ¶ 15,350, at 76041. The analogy fails. A contract clause is not a statute waiving immunity and defining jurisdiction. *Judkins,* in holding that the board there involved had authority to waive the ninety day statutorily imposed period, was erroneously decided.[3]

In asserting an abuse of discretion, Cosmic cites equitable considerations as warranting waiver of the ninety day period.

---

2. The government appends an argument that the board was without jurisdiction to entertain an appeal of this uncertified claim under the Contract Disputes Act for over $50,000 in view of 41 U.S.C. § 605(c)(1) and numerous decisions of the Court of Claims so holding. We consider only the issue raised by Cosmic and, in light of our disposition of that issue, we need not and do not reach the question of certification.

3. The Court of Claims sanctioned waiver of the thirty day contractual limit on the theory that a contracting party may waive a clause made for its benefit. *Maney Aircraft Parts Inc. v. United States,* 453 F.2d 1260 (1972); *Monroe M. Tapper & Associates v. United States,* 458 F.2d 66 (1972); *Moran Bros. Inc. v. United States,* 346 F.2d 590 (1965). The rationale supporting waiver in those cases is totally incapable of supporting the notion that an Executive Branch tribunal may waive a procedural requirement established by statute.

The government counters the argument, pointing out, inter alia, that the right of appeal belongs to contractors, not to counsel. The arguments are irrelevant. The board cannot abuse a discretion it doesn't have.

■ The board's recognition that it lacked jurisdiction to waive the ninety day period provided for in 41 U.S.C. § 606 (Supp IV 1980) was correct. Its dismissal with prejudice of Cosmic's appeal is accordingly affirmed.

AFFIRMED.