**The BOROUGH OF ALPINE, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

**No. 90–5103.**

United States Court of Appeals, Federal Circuit.

Jan. 11, 1991.

James P. Logan, Logan & Logan, P.C., Englewood, N.J., argued for plaintiff-appellant.

Scott E. Ray, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for defendant-appellee. With him on the brief were Stuart E. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Stephen J. McHale, Asst. Director. Also on the brief was Richard C. Jensen, Supervisory Atty., U.S. Postal Service, Washington, D.C., of counsel.

Before NEWMAN, ARCHER, and RADER, Circuit Judges.

RADER, Circuit Judge.

The Borough of Alpine (Alpine or Borough) filed a claim after expiration of the twelve-month deadline for filing appeals under the Contract Disputes Act, 41 U.S.C. § 609(a)(3) (1982) (CDA). The United States Claims Court dismissed.[1] *Borough of Alpine v. United States*, 19 Cl.Ct. 802 (1990). Alpine appeals. This court affirms.

## BACKGROUND

In 1981, the United States Postal Service (USPS) and Alpine, a New Jersey municipal corporation, agreed to split the costs of building a new post office. Under the agreement, USPS agreed to pay a portion of the construction costs and to lease space in the building from Alpine. The Mayor of Alpine, Mr. Howard Hertzberg, signed the lease agreement for the Borough. After completion of the project, a dispute arose over payment for the costs of additional construction.

On August 2, 1988, Alpine filed a claim with the contracting officer for the USPS, requesting $28,800.00 for the extra construction. The contracting officer, in a written decision dated September 28, 1988, denied Alpine's claim. The contracting officer mailed the decision to the Borough, addressing the letter:

Mayor Howard Hertzb[e]rg
Borough of Alpine
Municipal Building
Alpine, N.J. 07620–9998.

The USPS Express Mail return receipt showed receipt of the decision letter on September 30, 1988. The Borough Clerk, Ms. Joyce Hubschman, signed the return receipt on that date. Ms. Hubschman forwarded the letter unopened to Mayor Hertzberg.

At Alpine's monthly council meeting in late October, the mayor realized that the Borough council had not received the decision letter. The mayor delivered the letter to Ms. Hubschman on November 4, 1988, for distribution to the rest of the Borough council.

Alpine filed a complaint in the Claims Court on October 31, 1989. This filing date is within the twelve-month time limit if the date of receipt was November 4, 1988, but outside the limit if the receipt date was September 30, 1988. The Government moved to dismiss for "lack of jurisdiction" when it should have moved to dismiss for

---

**1.** The United States Claims Court purported to dismiss the case for lack of subject matter jurisdiction. The Claims Court has and will continue to have jurisdiction over the subject matter of Contract Disputes Act cases. However, in this case, because of its failure to file a timely appeal, Alpine was not entitled to have the Claims Court *exercise* its subject matter jurisdiction.

failure to state a claim on which relief may be granted. The Claims Court granted the motion to dismiss and denied Alpine's motion for reconsideration.

## DISCUSSION

Title 41 U.S.C. § 609(a)(3) states that actions brought in the United States Claims Court:

> shall be filed within twelve months from the date of the *receipt by the contractor* of the decision of the contracting officer concerning the claim, and shall proceed de novo in accordance with the rules of the appropriate court.

(Emphasis added.) Alpine argues that because the contracting officer addressed the decision letter to the mayor, the contractor did not receive the September 28 document until November 4.

■ The CDA authorizes the Claims Court to entertain claims filed "within twelve months from the date of the receipt by the contractor." This language means the "actual physical receipt of that decision by the contractor." *Pathman Constr. Co. v. United States*, 817 F.2d 1573, 1577 (Fed. Cir.1987). Receipt is the "critical event that starts the running of the limitations period." *Id.* Section 609(a)(3) defines timely claims in terms of the receipt date, not the date of actual notice of the contractor's decision. Therefore, the Claims Court must focus its inquiry on the date of receipt by the contractor, not the date of actual notice to the contractor.

This court's predecessor, the Court of Claims, stated concerning 41 U.S.C. § 609(a)(3):

> Congress has set the twelve-months limit, and this court cannot and should not read into it exceptions and tolling provisions Congress did not contemplate or authorize.

*Gregory Lumber Co. v. United States*, 229 Ct.Cl. 762, 763 (1982) (citation omitted). The language of the CDA sets a clear and unambiguous standard. By linking the limitations period to receipt by the contractor, the CDA eliminates disputes about the time of actual notice, fault in misaddressing a letter, or the internal mail procedures of various contractors. To determine compliance with § 609(a)(3), the Claims Court need only check the objective indicia of receipt by the contractor.

■ Alpine received the decision letter on September 30, 1988. The Borough Clerk, Ms. Hubschman, signed the return receipt on that date thus effecting receipt for the Borough. Ms. Hubschman in her capacity as clerk had authority to receive mail for Alpine. Ms. Hubschman's receipt of the decision letter on September 30, 1988 started the running of the limitations period. The Claims Court correctly calculated the timeliness of Alpine's filing from that date.

Alpine argues that Ms. Hubschman's receipt on September 30 was not "receipt by the contractor." On September 30, according to Alpine, Ms. Hubschman received the letter for the mayor, not for Alpine. Due to the mayor's name in the address and the Borough's internal procedures, the clerk forwarded the letter on September 30 to Mayor Hertzberg. Five weeks lapsed before Mayor Hertzberg returned the letter to Clerk Hubschman for distribution to the rest of the council. Not until November 4, Alpine contends, did Ms. Hubschman receive the letter for the contractor.

Alpine confuses receipt and notice. The statute requires only the former. Ms. Hubschman's act of signing the return receipt for the letter was a receipt by the Borough. Ms. Hubschman was acting within the scope of her authority in signing for the envelope and thus, as an authorized representative of Alpine, she received the contracting officer's decision on the contractor's behalf. To accept Alpine's argument would be to examine the issue of notice of the envelope's contents. Section 609(a)(3) deals solely with the issue of receipt, not notice.

Mayor Hertzberg on September 30 also received the letter for the contractor within the terms of the CDA. As a legal entity, the municipal corporation of the Borough of Alpine can only act through its officers and agents. Thus, when a contractor is a legal entity, "receipt by a contractor" must

 

mean receipt by the contractor's authorized representatives. The mayor, like the clerk, had authority to receive notice for Alpine.

Mayor Hertzberg signed the USPS contract for the Borough, signed the lease for the Borough, and represented the corporation in its dealings under those agreements. Receipt by the mayor of the contracting officer's decision which interprets those agreements was receipt by an authorized representative of the contractor. Thus, receipt by the mayor on September 30 also satisfied the terms of the CDA.

This reading of the CDA is consistent with *Gragg v. United States*, 717 F.2d 1343 (Fed.Cir.1983), wherein this court held that service upon an employee's designated union representative operated to start the running of the thirty-day filing limit in 5 U.S.C. § 7703(b)(1) (1990).[2] The petitioner in *Gragg* argued that to allow a representative to receive notice for the petitioner would contravene the plain language of the statute which refers to the date the petitioner received notice. The court responded:

> [S]ervice upon a litigant's 'agent authorized by appointment or by law to receive service of process' generally constitutes service upon a litigant that is legally equivalent to service upon the litigant himself. Fed.R.Civ.P. 4(d)(1).

*Gragg*, 717 F.2d at 1345.

This court will not read 41 U.S.C. § 609(a)(3) to exclude authorized representatives of a corporate contractor from the terms of the statute. Mayor Hertzberg was an authorized representative of the Borough by virtue of his status as mayor and his extensive dealings on this contract on behalf of Alpine. Ms. Hubschman was also such a representative.

## CONCLUSION

The Claims Court correctly determined Alpine received the contracting officer's decision on September 30, 1988. Alpine did not file its claim "within twelve months

from [that] date." 41 U.S.C. § 609(a)(3). Therefore, the Claims Court lacked the power to entertain Alpine's untimely claims. The decision of the Claims Court is

AFFIRMED.

---

**2.** Section 7703(b)(1) of Title 5 uses the language "*within 30 days after the date the petitioner received notice of the final order*" instead of the stricter "receipt by the contractor" standard in 41 U.S.C. § 609(a)(3).