# United States Court of Appeals for the Federal Circuit

04-5152

RILEY & EPHRIAM CONSTRUCTION COMPANY, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Steven L. Smith, Smith, Cooksey & Vickstrom, PLLC, of Charlotte, North Carolina, argued for plaintiff-appellant.

James D. Colt, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Harold D. Lester, Jr., Assistant Director. Of counsel on the brief was Bryan O'Boyle, Senior Trial Attorney, Air Force Legal Services Agency, of Arlington, Virginia.

Appealed from: United States Court of Federal Claims

Judge Lawrence M. Baskir

# United States Court of Appeals for the Federal Circuit

04-5152

RILEY & EPHRIAM CONSTRUCTION COMPANY, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:    May 18, 2005
_____

Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.

CLEVENGER, Circuit Judge.

Riley & Ephriam Construction Company, Inc. ("R&E") appeals the grant of summary judgment in favor of the United States ("government") by the Court of Federal Claims based on the determination that R&E's claims were untimely filed under the Contract Disputes Act ("CDA").  Riley & Ephriam Constr. Co. v. United States, 61 Fed. Cl. 405 (2004).  Because the Court of Federal Claims erred in determining when the contracting officer's final decision had been received by the contractor, it incorrectly determined that the statute of limitations barred R&E's claim.  We reverse the grant of summary judgment in favor of the government and hold that R&E's claims were timely filed.

I

R&E entered into a contract with the government that could not be completed as originally agreed due to unforeseen conditions at the jobsite.  R&E listed a Post Office box ("P.O. box") in Stone Mountain, Georgia, as its contact address for matters relating to this contract.  On March 8, 2000, after the parties could not agree to an adjustment of the contract, R&E applied for an equitable adjustment in the amount of $294,097.  While the contracting officer was reviewing this request, R&E closed its corporate offices and ran the business from a home.  R&E continued to maintain the Stone Mountain P.O. box.

The equitable adjustment was finally denied on November 27, 2001.  On this date, the contracting officer mailed the final decision in the equitable adjustment claim via certified letter addressed to R&E's P.O. box and faxed a copy of the final decision to the fax number on file for R&E's attorney.  R&E's attorney claims to have never received this fax and the government is unable to produce a fax transmittal sheet.  The certified letter arrived at the Post Office on November 30, 2001, at which time a postal employee placed a notice in R&E's box that the letter could be picked up at the counter.  The Post Office placed a second notice in the P.O. box on December 19, 2001.  R&E did not pick up the letter and on December 29, 2001, the Post Office returned the certified letter unsigned to the contracting officer.  Upon receipt of the unclaimed certified letter and the unexecuted return receipt form, the government was on notice that no authorized person had received the certified mail.

In January of 2002, the contracting officer called the attorney to notify him that the letter was returned and asked if the attorney would accept another copy of the final

decision on behalf of R&E. On January 30, 2002, the contracting officer faxed the attorney a message that the letter had been resent to the firm's address. Less than one year later, on January 24, 2003, R&E filed suit in the Court of Federal Claims for $306,039.33 in damages resulting from the additional work performed on the contract.

Before the Court of Federal Claims, the government moved for summary judgment based on the statute of limitations time bar in the CDA that requires suit to be filed within twelve months of the contractor's actual receipt of the contracting officer's final decision. 41 U.S.C. § 609(a)(3) (2000). The Court of Federal Claims found that R&E had received the final decision because both the fax sent on November 27, 2001, and the certified letter sent on the same date were deemed actually received by the contractor. Riley & Ephriam, 61 Fed. Cl. at 411. Because R&E filed suit on January 24, 2003, the Court of Federal Claims found that the twelve-month statute of limitations barred the claim and granted the government's motion for summary judgment. Id. R&E now appeals the decision of the Court of Federal Claims. We have jurisdiction over an appeal from a final decision of the Court of Federal Claims pursuant to 28 U.S.C. § 1295 (2000).

II

This court reviews the grant of summary judgment de novo. Insituform Techs., Inc. v. CAT Contracting, Inc., 385 F.3d 1360, 1377 (Fed. Cir. 2004). Summary judgment is appropriate when the moving party is entitled to judgment as a matter of law and no disputes over material facts remain. Fed. Cl. R. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex

Corp. v. Catrett, 477 U.S. 317, 322-25 (1986).  All justifiable inferences should be drawn in favor of the nonmovant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

III

The burden is on the government to prove the earlier date of receipt.  See, e.g., Pub. Serv. Cellular, Inc., ASBCA No. 52489, 00-1 BCA ¶ 30,832 (Mar. 2, 2000).  The CDA states that:

> a contractor may bring an action directly on the claim in the United States Court of Federal Claims . . . .  [This] action . . . shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim, and shall proceed de novo in accordance with the rules of the appropriate court.

41 U.S.C. § 609(a)(1), (3) (2000).  The CDA requires that "[t]he contracting officer shall issue his decisions in writing, and shall mail or otherwise furnish a copy of the decision to the contractor."  § 605(a).  The implementing regulations further require that the decision is to be provided to the contractor via "certified mail, return receipt requested, or by any other method that provides evidence of receipt."  48 C.F.R. § 33.211(b) (2004) (emphasis added).

The Federal Circuit has interpreted receipt by the contractor to mean "actual physical receipt of that decision by the contractor [or his representative]."  Borough of Alpine v. United States, 923 F.2d 170, 172 (Fed. Cir. 1991) (quoting Pathman Constr. v. United States, 817 F.2d 1573, 1577 (Fed. Cir. 1987)).  "[O]bjective indicia of receipt by the contractor" must be shown to establish the date of proper delivery of the decision by the  contracting officer.  See Borough of Alpine, 923 F.2d at 172.  This court has found that "[b]y linking the limitations period to receipt by the contractor, the CDA eliminates disputes about the time of actual notice, fault and misaddressing a letter, or the internal mail procedures of various contractors."  Id. at 172.

In this case, the government has failed to produce the "evidence of receipt" by the contractor that is required by the CDA implementing regulations. The fax of November 27, 2001, and the letter received at the Stone Mountain Post Office on November 30, 2001, will be addressed in turn.

A

Although some courts have held that a fax confirmation sheet produces a rebuttable presumption of receipt, see Stevens Shipping & Terminal Co. v. M/V Japan Rainbow II, 334 F.3d 439, 444 (5th Cir. 2003), we need not address whether a confirmation sheet is "evidence of receipt" under the CDA because the government cannot produce a fax confirmation sheet for the November 27, 2001, fax to R&E's attorney. The government produced instead a fax cover sheet, phone records indicating a 2.6-minute call to the firm fax line and a statement from the contracting officer that the machine indicated electronically that the transmission was a success. The Court of Federal Claims found that "the evidence is overwhelming-and undisputed-that a fax was sent and received in [the] law office on that day." Riley & Ephriam, 61 Fed. Cl. at 409. We disagree.

R&E's attorney disputes receipt of the fax. The firm also contends that the fax number was changed when the firm relocated. Moreover, we cannot infer receipt from evidence of transmission. Proof of message exit from a transmitting machine cannot serve as a proxy for proof of actual receipt of the sent message by a remote receiving terminal. Simply put, the evidence offered by the government is not the type of "objective indicia of receipt" that the CDA requires to begin the limitations period. The fax cover sheet is only evidence that the fax was prepared. The phone records and

contracting officer's statement indicate a fax was transmitted but do not evidence receipt of the fax by the contractor's attorney. The Boards of Contract Appeal have similarly found that a fax transmission sheet is insufficient to show receipt by the contractor stating "[w]e have held that a 'successful' transmission report for a fax transmission was not reliable evidence of receipt of the final decision where the Government did not otherwise confirm receipt." Pub. Serv. Cellular, Inc., ASBCA No. 52,489, 00-1 BCA ¶ 30,832. Fax receipt was usually confirmed in these cases by calling the intended recipient of the decision. See, e.g., Tyger Constr. Co., ASBCA Nos. 36,100, 36,101, 88-3 BCA ¶ 21,149 (Aug. 25, 1988). The Boards of Contract Appeal have also been reluctant to "make the quantum leap and infer from the Government's transmission report's statement 'Transmission OK' that the final decision was received by [the contractor]." Pub. Serv., ASBCA No. 52,489. We correspondingly find that receipt by the contractor cannot be inferred from the contracting officer's statement that the machine indicated a successful transmission. In essence, the government has not offered any evidence that the fax was actually received by the contractor's attorney. Therefore the Court of Federal Claims erroneously measured the statute of limitations from the date of the fax transmission.

We note the sound judgment reflected in the decisions of the Boards of Contract Appeal that have recognized the ease and simplicity with which the government can gain confidence that a fax transmission has been actually received by the contractor. All the government has to do is make a simple telephone call to the contractor or its authorized representative to affirm actual receipt of the fax. This simple step would give the government the assurance of actual receipt that the regulation requires it to have.

Indeed, the regulation's preferred method of transmission by certified mail return receipt has the built-in confirmation of receipt that a simple telephone call after a fax transmission would supply.

B

In the alternative, the Court of Federal Claims traced the start of the statute of limitations to the date the certified letter was received at the Stone Mountain Post Office. The government contends that R&E received the certified letter on the date that it was processed at the postal facility and a notice that the letter could be picked up at the counter was placed in R&E's P.O. box. The government asserts that "receipt occurred when the package verifiably arrived at the address R&E had chosen and was being held for their acceptance." As with the fax transmission, we hold that the government has not shown objective indicia of receipt of the certified letter.

The contracting officer is obliged by 48 C.F.R. § 33.211(b) to send the final decision via "certified mail, return receipt requested, or by any other method that provides evidence of receipt." The certified mail receipt, Post Office form 3811, the Domestic Return Receipt, specifically requires the receiving party to print its name, sign the form upon receipt, and note the date of delivery. In this case, the Post Office did not complete any portion of the certified mail receipt nor was the letter ever released from the custody of postal employees. Instead, the Post Office returned the entire letter to the contractor marked as undeliverable, unaccepted and unsigned by R&E, on December 29, 2001.

Nonetheless, the Court of Federal Claims found that "[p]laintiff's officers implicitly consented to allow Post Office employees to handle and accept mail on behalf of

Plaintiff." Riley & Ephriam, 61 Fed. Cl. at 410. Although the Federal Circuit has held that receipt by a contractor includes receipt by the contractor's representative, see Borough of Alpine, 923 F.2d at 172-73, there is no evidence that R&E consented to Post Office receipt of its certified mail.

The government attempts to analogize R&E's box rental to that of a customer of a commercial mail handler or private mailbox service that has the authority to accept mail for its customers. A private mail handler of this type was at issue in Policy Analysis Co. v. United States, 50 Fed. Cl. 626, 628 (2001). In Policy Analysis, the boxholder had an explicit contract with the commercial mail box company that stated: "[a]gent will place mail received on behalf of renter in the box each weekday that mail is received from the U.S. Postal Service." Policy Analysis, 50 Fed. Cl. at 628. The clerk in Policy Analysis received and signed for the certified letter at issue in the case and returned the receipt to the sender. In essence, the renter of the box deputized the clerk at the commercial mail center to receive mail on its behalf. There is no such relationship here between the Post Office and R&E. R&E's box was simply real estate—a place for its mail to be deposited.

In light of the above, the case law relied on by the government, Borough of Alpine and Policy Analysis, does not dictate finding the letter was received by the contractor when it was in possession of the Stone Mountain Post Office. The Post Office was not an "agent" for R&E, R&E never authorized the Post Office to sign for its mail, and further, the letter was not signed on the return receipt by a postal employee to indicate acceptance. The letter was simply returned undelivered to the contracting

officer.  Therefore, we find that the government has not shown objective evidence of receipt by the contractor of the November 27, 2001, certified letter.

IV

Neither the fax communication nor the certified letter was received by the contractor as required under the CDA in order to begin the statute of limitations period. It is undisputed that R&E did receive the final decision of the contracting officer through its attorney on January 30, 2002, when the return of the undelivered certified letter put the government on notice that its first delivery attempt had legally failed and prompted the government to make a lawful delivery of the contracting officer's final decision. Because suit was filed on January 24, 2003, the Court of Federal Claims erred when it granted summary judgment in favor of the government based on the erroneous finding that R&E's claims were untimely filed.  Accordingly, we reverse and remand for adjudication on the merits.

<u>REVERSE AND REMAND</u>