# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Rohulhameed Construction Company ) | ASBCA No. 61359 |
| ) | |
| Under Contract No. W91B4M-09-C-7104 ) | |

APPEARANCE FOR THE APPELLANT:     Mr. Rohul A. Afzaly
                                  President

APPEARANCES FOR THE GOVERNMENT:   Raymond M. Saunders, Esq.
                                  Army Chief Trial Attorney
                                  CPT Jeremy D. Burkhart, JA
                                  Trial Attorney

### OPINION BY ADMINISTRATIVE JUDGE HARTMAN
### ON THE GOVERNMENT'S MOTION TO DISMISS

The government moves to dismiss this appeal for lack of jurisdiction upon the ground it is untimely because it was filed more than 90 days after the contracting officer (CO) emailed her final decision to an attorney who had been assisting appellant, a construction company located in Afghanistan. Appellant opposes the government's motion.

### STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On March 23, 2009, the Department of the Army awarded to appellant, Rohulhameed Construction Company (RCC), a contract, No. W91B4M-09-C-7104, in the sum of $414,160.00 for the construction of earth berms and guntruck ramps in Helmand, Zabul, and Kandahar provinces in Afghanistan, contract line item numbers (CLINs) 1, 2, and 3, respectively, each in the amount of $135,720 (R4, tab 1). CLIN 4 was workers compensation insurance or security as required by the Defense Base Act, 42 U.S.C. §§ 1651-54 (DBA), with estimated funding of $7,000.

The contract stated the delivery date in each province was "21 d[a]ys after date of NTP" and the contractor shall "complete the entire work ready for use not later than 63 calendar days after the date the Contractor receives the notice to proceed" (NTP) (R4, tab 1 at 8-9). The contract incorporated by reference Federal Acquisition Regulation (FAR) 52.233-1, DISPUTES (JUL 2002); and FAR 52.249-2, TERMINATION FOR THE CONVENIENCE OF THE GOVERNMENT (FIXED-PRICE) (MAY 2004) – ALTERNATE I (SEP 1996) (*id.* at 19).

On April 29, 2009, RCC received from the Army CO its NTP with contract work "effective 30 Apr 2009" stating that it was to complete the entire contract work in 63 calendar days or by "2 Jul 2009" (R4, tab 5). RCC furnished the Army on June 24, 2009, an invoice dated June 8, 2009, in the amount of $135,720 for work it had performed in Helmand province (Tarin Kowt ANA Base) and received payment from the Army (R4, tabs 5, 7-8, 10). RCC furnished the Army on November 9, 2009, a second invoice dated October 11, 2009, in the amount of $135,720 for work it had performed in Zabul province, which was sent to the Army's finance office for payment on November 12, 2009, and paid by the Army (R4, tabs 11-13, 19).

According to RCC, prior to April 15, 2010, it completed all work with respect to CLIN 3. By memorandum dated April 15, 2010, the Army CO stated that "[e]ffective 15 April 2010 you are notified that contract number W91B4M-09-C-7104...is terminated in its entirety for the government's convenience under clause 52.249-2 ALT 1." The CO added "[t]he Contractor is hereby informed that this termination is a no-cost settlement and that the Contractor waives any and all charges against the Government because of the termination of this contract and releases it from all obligations under this contract or due to its termination." (R4, tab 14)

In a final decision dated four days later, April 19, 2010, the CO stated:

> In the matter of the Termination for the Convenience of the Government of contract number W91B4M-09-C-7104, it is the final decision of the Contracting Officer to terminate this contract unilaterally and deobligate all remaining funds from the contract except for the DBA insurance amount. This action is taken as a result of the contractor's failure to sign or acknowledge the Notice of Termination effective on 15 April 2010.

The CO noted RCC could appeal his final decision to the Joint Contracting Command–Iraq/Afghanistan's Deputy Principal Assistant Responsible for Contracting–Afghanistan/Competition Advocate at Bagram Air Base, Afghanistan or to the Armed Services Board of Contract Appeals (ASBCA). The CO added "[i]nstead of appealing to the agency board of contract appeals, [RCC] may bring an action directly in the United States Court of Federal Appeals within 12 months of the date you receive this decision." (R4, tab 15) On the same date, April 19, 2010, the CO issued a "unilateral" contract modification, No. P00002, purporting "to reflect a no-cost settlement agreement with respect to the Notice of Termination dated 15 April 2010," which stated as follows:

> The Contractor unconditionally waives any charges against the Government because of the termination of the contract and releases it from all obligations under the contract or

2

due to its termination. The Government agrees that all obligations under the contract are concluded WITH THE EXCEPTION OF THE OUTSTANDING DBA INSURANCE CHARGE.

(R4, tab 16)

The Army has not presented any evidence in this appeal of the means by which it transmitted the CO's final decision to RCC or, more importantly, the date on which RCC received the CO's final decision terminating the contract.

Nearly four years later, by email dated March 12, 2014, an Army contract specialist based at Rock Island, Illinois, sent an email to three different addresses at Gmail, Yahoo and Hotmail advising that he was "closing out" RCC's contract and he needed confirmation there were no outstanding claims, disputes or other contractual issues (R4, tab 17). By email dated June 9, 2014, RCC notified the contract specialist it had received payments for CLINs 1 and 2, but CLIN 3 "[c]onstruction at Kandahar Province $135,720.00 is yet to be paid." The contract specialist responded by email stating he could help RCC with "the DBA insurance only" (CLIN 4) and appended a copy of the contract "modification" that terminated the contract. (R4, tab 20)

On October 25, 2016, Walt Pennington, an American attorney retained by RCC, sent a certified claim for $135,720 for CLIN 3 to an unspecified office at "the Pentagon." In response to his claim submission, he received a telephone call from an Army official advising him that Celeste Hobert was the CO responsible for RCC's contract. (R4, tab 21 at 1) On December 1, 2016, attorney Pennington sent CO Hobert, a copy of RCC's certified claim indicating RCC completed its work before its contract was terminated for convenience (id.). An affidavit by RCC's business operations manager attached to the claim stated: RCC told the CO that all work was complete, asked the CO to review and approve its completed work in order for it to send its final invoice, and the CO did not perform the requested review. The business manager added that: the CO instead terminated the contract; RCC never agreed to a no-cost settlement with the CO; and RCC never signed the Army's notice of convenience termination. The business manager stated in this affidavit he expressly authorized the CO or COR "and any person assigned to dispute resolution for this claim to discuss RCC's claim with RCC's attorney, Walt Pennington," but did not authorize or request the CO's final decision be sent or transmitted only to attorney Pennington, rather than RCC. (Id. at 4-5)

On February 1, 2017, after receiving no response from CO Hobert regarding the claim submitted, attorney Pennington filed a petition with the ASBCA to direct the CO to issue a decision pursuant to ASBCA Rule 1(a)(5) (R4, tab 22 at 1-5). Two days later, on February 3, 2017, the Board issued an order stating the government shall, within 21 days of the date of the order, show cause why an order directing the CO to

3

issue a final decision upon the claim should not be issued or indicate when the CO will issue a final decision (R4, tab 25). The Army subsequently advised the Board that a final decision would issue by March 21, 2017, and, by order dated 27 February 2017, this Board directed that the CO issue a final decision by the Army's date.

On March 7, 2017, CO Hobert issued a final decision dated March 6, 2017, denying RCC's claim requesting $135,720 for construction services in Afghanistan. She stated that RCC "completed two of the three temporary Kandak earthberms," "[t]he permanent HESCO wall for the third site was completed (by a separate contractor) prior to RCC starting on the Zhery Kanda, which eliminated the need for the third temporary berm," and "a no-cost Notice of Termination for Convenience was issued 15 April 2010." (R4, tab 28) According to the CO, RCC did not appeal the CO's final decision to the ASBCA within the allotted time frame, making this claim untimely, and also failed to submit a claim to the CO within six years after accrual of a claim, making its claim barred "by the statutory deadline." (Gov't mot., ex. 3)

The Army did not contend that CO Hobert sent a copy of her final decision to RCC. Instead, she only sent it by email to the attorney who had represented RCC before the ASBCA in its attempt to obtain issuance of a decision (Walt Pennington). She did not send a copy of the final decision by registered mail or use a "read receipt" on the email she sent to Mr. Pennington. (Gov't mot., ex. 3 at 1, ex. 4 at 1)

On October 2, 2017, RCC submitted a notice of appeal of the CO's final decision to the ASBCA and the Board notified RCC's President, Rohul Amin Afzaly, that its appeal was docketed, as ASBCA No. 61359, on October 4, 2017. On November 13, 2017, the Board directed the Army to submit to the Board a copy of the return receipt which accompanied the CO's decision within 21 days and stated RCC also may submit evidence, by affidavit or otherwise, of when the CO's decision was received. By letter dated November 25, 2017, RCC advised the Board:

> 1. Our Company assigned "Walt Pennington" Pennington Law Firm to Submit our claim on behalf of Our Company.
> 2. They did Submit the Claim....
> 3. After receiving the decisions [sic], they decided to move a way and it took time, until they sent us the decision along with the paper of contracting officer.

On December 4, 2017, the Army filed a motion to dismiss RCC's appeal for lack of jurisdiction. Attached to the motion was a December 1, 2017 email from attorney Pennington stating in response to an inquiry from Army counsel that: he received the CO's final decision on March 7, 2017; he "forwarded this to my client on that date"; he has "contacted the client to find out the status"; and, "[a]t this time, I am not

counsel for RCC." No copy of an email forwarding the decision was attached to the attorney's email to the Army, no specific means for forwarding the email to RCC was stated, and no specific forwarding address for RCC was stated. Also, the Pennington email is not clear as to when attorney Pennington ceased representing RCC. (Gov't mot., ex. 6 at 1)

## DECISION

The Army asserts that we lack jurisdiction to entertain RCC's appeal because the appeal was filed more than 90 days after the CO sent her final decision to "Walt Pennington" by "email." The Army simply contends Mr. Pennington is an "attorney" who was retained by RCC to obtain an order from the ASBCA directing the CO to issue a final decision on its claim, and that receipt of the CO's final decision by an "attorney" such as Mr. Pennington via email is sufficient to trigger running of the 90-day filing deadline.

The Contract Disputes Act (CDA) requires a CO to issue a final decision in writing and to mail or otherwise furnish a copy of the decision to the contractor. 41 U.S.C. § 7103(a)(3), (d). The implementing regulation, the FAR, further requires the CO decision be provided to the contractor by "certified mail, return receipt requested, or by any other method that provides evidence of receipt." FAR 33.211(b).

The certified mail receipt, Post Office Form 3811, specifically requires the receiving party to print its name, sign the form upon receipt, and note the date of delivery. *Riley & Ephriam Constr. Co. v. United States,* 408 F.3d 1369, 1373 (Fed. Cir. 2005). It thus establishes the date a contractor "received" the CO final decision. Where there is no certified mail receipt, as is the case here, the government must show it used some other method of delivery providing evidence of receipt by the contractor. *Id.*; FAR 33.211(b).

When a contractor appeals to the Board from a CO's final decision, the CDA requires that it do so within 90 days from the date of receipt of the decision. 41 U.S.C. § 7104(a). The filing period is statutory and the Board cannot waive it. *Cosmic Construction Co. v. United States,* 697 F.2d 1389, 1390 (Fed. Cir. 1982).

Receipt of a CO's decision means the "actual physical receipt of that decision by the contractor." *Borough of Alpine v. United States,* 923 F.2d 170, 172 (Fed. Cir. 1991) (quoting *Pathman Construction Co. v. United States,* 817 F.2d 1573, 1577 (Fed. Cir. 1987)). "Actual receipt" includes receipt by an authorized representative of the contractor acting within the scope of the representative's authority. *Borough of Alpine,* 923 F.2d at 172-73.

5

The court of appeals has stated that by "linking the limitations period to receipt by the contractor, the CDA eliminates disputes about the time of actual notice...or the internal mail procedures of various contractors." *Riley & Ephriam*, 408 F.3d at 1372. The burden is on the government to prove the date of contractor receipt by objective indicia. *Id.* The 90-day appeal period does not commence until the CO decision is received at the location designated by the contractor for receipt of project-related correspondence. *E.g., Brinderson Corp.*, ASBCA No. 31831, 86-1 BCA ¶ 18,616 at 93,549, *aff'd on recon.*, 86-2 BCA ¶ 18,905 at 95,351. We have held that, if the contractor wishes a CO's decision be sent to an address other than its address of record, it must show that such a request was made by it and agreed to by the CO. *L.C. Craft*, ASBCA No. 47351, 94-2 BCA ¶ 26,929 at 134,106.

In this appeal, there is nothing in the record indicating the contractor ever requested that the CO's final decision be sent to an address other than its address of record. While an RCC official executed an affidavit expressly authorizing the CO or COR "and any person assigned to dispute resolution for this claim to discuss RCC's claim with RCC's attorney, Walt Pennington," he did not authorize or request the CO to send or transmit her final decision only to attorney Pennington, in lieu of sending and/or transmitting a copy of that decision to RCC (R4, tab 21). We recognize that there are difficulties in communicating with companies located in Afghanistan, but the Rock Island, Illinois, office where the CO is located previously communicated successfully with RCC and its officials using email addresses the Army had on file. That office sent RCC emails regarding closeout of the contract at its own email addresses and received a response by email to at least one of those emails from RCC. (R4, tabs 17, 20) Moreover, the record before us reflects that Mr. Pennington ceased representing RCC in any capacity. It does not show when his express authorization to engage in discussions regarding RCC's claim ended, only that the authorization expired sometime between the order from this Board directing issuance of a final CO decision and the filing of this appeal. (Gov't mot., ex. 6 at 1) In sum, there are no objective indicia in the record of date of physical receipt of the CO's final decision by RCC. We therefore possess no basis to conclude that transmission by email of the CO's final decision to Mr. Pennington triggered the 90-day period for appealing that decision.

It is the Army's burden to establish the date that a final decision was received by the contractor triggering running of the 90-day filing limitation period. *Military Aircraft Parts*, ASBCA No. 60308, 17-1 BCA ¶ 36,680 at 178,609-10. It has failed to show here the date that RCC received the CO's final decision. *L.C. Craft*, 94-2 BCA ¶ 26,929 at 134,107 (we must base our decision on the evidence presented to us).

## CONCLUSION

The Army's motion to dismiss for lack of jurisdiction is denied for the reasons set forth above.

Dated: April 4, 2019

TERRENCE S. HARTMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61359, Appeal of Rohulhameed Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

7