ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of - )
)
MVP Network Consulting, LLC ) ASBCA No. 63466
)
Under Contract No. W911S2-21-P-1765 )

APPEARANCE FOR THE APPELLANT:      Mr. Gary Rager
                                     MVP Network Consulting, LLC
                                     Buffalo, NY


APPEARANCES FOR THE GOVERNMENT:     Scott N. Flesch, Esq.
                                      Army Chief Trial Attorney
                                     CPT Jules L. Szanton, JA
                                     Michael McDermott, Esq.
                                      Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE SHACKLEFORD
ON THE GOVERNMENT'S MOTION TO DISMISS

The Department of the Army (Army or government) moves to dismiss this appeal for lack of jurisdiction, contending that MVP Network Consulting, LLC (MVP or appellant) failed to file a timely appeal from the contracting officer's final decision pursuant to the 90-day limitations period in the Contract Disputes Act (CDA), 41 U.S.C. § 7104(a). We grant the Army's motion and dismiss the appeal.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On September 21, 2021, the Department of the Army awarded Contract No. W911S2-21-P-1765 to MVP for the purchase and delivery of computer monitors and printers to Joint Base Lewis-McChord, Washington (R4, tab 3 at 26, 28-30).[1]

2. The contract contained various standard clauses, including Federal Acquisition Regulation (FAR) 52.212-4, CONTRACT TERMS AND CONDITIONS – COMMERCIAL PRODUCTS AND COMMERCIAL SERVICES (DEC 2022), which included paragraph (m), termination for cause, and incorporated by reference in paragraph (d), FAR 52.233-1, DISPUTES (MAY 2014) (*id.* at 31).

---

[1] The government numbered the pages in its Rule 4 submission with leading zeros, which we omit here.

3. By email dated December 21, 2021, the Army requested a status update from MVP on the purchased items. This email was sent to MVP's representative, Mr. Gary Rager. (R4, tab 6) That same day, Mr. Rager replied, indicating that he would check on the status of the items (R4, tab 5).

4. By email dated February 10, 2022, the Army informed MVP that it had received the monitors and requested an estimated delivery date for the printers (R4, tab7 at 73).

5. By emails dated February 12, 2022, and March 3, 2022, MVP informed the Army that it had not received an estimated delivery date from the manufacturer for the delivery of the printers (R4, tabs 9 at 1, 10 at 1).

6. By email dated March 9, 2022, the Army informed MVP that it needed supporting documentation from the supplier about the delay or a partial termination for cause would be initiated. MVP responded the same day indicating that it would attempt to obtain the requested information. (R4, tab 15 at 2-3)

7. By letter dated July 27, 2022, the contracting officer issued a final decision partially terminating the contract for cause due to MVP's failure to deliver the printers by the required delivery date. This final decision notified MVP of its right to appeal the decision to this Board within 90 days of receipt or to bring an action directly in the United States Court of Federal Claims within 12 months of receipt. (R4, tab 19) The record reflects that this notice was sent to MVP on the same day (R4, tab 21).

8. On July 28, 2022, the Army emailed Modification No. P00001 to MVP, partially terminating the contract for cause, and included the final decision letter. In addition to the attached termination notice, the text of the email read: "Attached is the released copy of the partial termination for you [sic] records." (R4, tab 20)

9. On August 24, 2022, MVP emailed the Army, acknowledging its awareness of the contract's partial termination for cause. In the email, MVP stated, "I just realized that you terminated the contract for cause." Attached to this email submittal was the original termination message from the Army, which shows that it was sent to MVP on Wednesday, July 27, 2022, at 1:29 PM. (R4, tab 21) Accordingly, we find that the notice was received by MVP on July 27, 2022[2].

10. By email dated November 25, 2022, MVP provided a notice of appeal to the Board. In its notice of appeal, MVP claimed it had not received a notice of the partial termination but was only aware that the contract may be cancelled.

---

[2] We note that the emails in SOF 3-9 were sent to or from Mr. Rager's email address, granger@mvpworks.com.

<u>DECISION</u>

The Army moves to dismiss this appeal for lack of jurisdiction, asserting that MVP failed to file its appeal within the requisite 90-day time period (gov't mot. at 1). In support of its motion, the Army argues that the 90-day window began on July 28, 2022, the day the contracting officer's final decision was emailed to MVP (*id.* at 6-8). Based on this start date, the Army asserts that the 90-day window ended on October 26, 2022, or 30 days before MVP filed its notice of appeal (*id.* at 8). Alternatively, the Army contends that even if we do not agree that the email submission date started the 90-day window, the notice of appeal is still untimely since MVP acknowledged receipt of the final decision on August 24, 2022 (*id.* at 9). By utilizing the acknowledgement date as the start date, the Army argues that the 90-day window expired on November 22, 2022, or three days before the notice of appeal was submitted (*id.* at 9-10).

In its response, MVP did not address the timeliness of its appeal but merely argued the merits and requested that the termination for cause be changed to a "cancelation [sic] without cause" (app. resp. at 1).

*The Army's COFD Email Submission Date Initiated the 90-day Window*

The Board's jurisdiction is governed by the CDA, which requires that each claim by a contractor be submitted to the contracting officer for a final decision. 41 U.S.C. § 7103(a)(1). The contractor may appeal a contracting officer's final decision to an agency board if the appeal is initiated within 90 days of the receipt date of the decision. 41 U.S.C. § 7104(a). It is well established that the 90-day window is statutory and cannot be waived or extended. *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390-91 (Fed. Cir. 1982). Therefore, the Board lacks jurisdiction for any appeal that is untimely filed outside the 90-day period. *Id.*; *Carter Safety Consultants, Inc.*, ASBCA No. 60779, 17-1 BCA ¶ 36,669 at 178,553.

While the appellant has the burden of proof to establish that its appeal was timely filed, the government has the burden of proving the date the final decision was received. *TTF, LLC*, ASBCA No. 59511 *et al.*, 15-1 BCA ¶ 35,883 at 175,434. According to the Federal Acquisition Regulation (FAR), "[t]he contracting officer shall furnish a copy of the decision to the contractor by certified mail, return receipt requested, or by any other method that provides evidence of receipt." FAR 33.211(b), CONTRACTING OFFICER'S DECISION (JUN 2023). Therefore, to meet its burden, the government must provide "objective indicia" of actual receipt of the decision by the appellant to establish the proper receipt date and start the 90-day window. *Riley & Ephriam Constr. Co. v. United States*, 408 F.3d 1369, 1372 (Fed. Cir. 2005) (citing *Borough of Alpine v. United States*, 923 F.2d 170, 172 (Fed. Cir. 1991)).

3

Here, the record reflects that the Army emailed the COFD to MVP on July 27, 2022 (SOF ¶ 7). In general, evidence that a COFD was emailed to the appellant, without more, introduces uncertainty and may not provide the objective indicia of receipt. *See Military Aircraft Parts*, ASBCA No. 60308, 17-1 BCA ¶ 36,680 at 178,610. Here, however, there are additional facts that must be considered which minimize this uncertainty. First, MVP has not asserted, in response to the Army's motion, that it received the COFD on a different date. *See Alnawars Co.*, ASBCA No. 58678, 13-1 BCA ¶ 35,463 at 173,908; *Zahra Rose Constr. & Logistics Servs. Co.*, ASBCA No. 63221, 22-1 BCA ¶ 38,134 at 185,234 (Appellant's failure to assert that it received the decision on a different date helped establish that the decision was received on the email transmission date.) Secondly, the COFD was sent to an email address that was regularly used by MVP to communicate with the Army (SOF ¶¶ 3-6, 8-9). Furthermore, on several occasions throughout their email correspondence, MVP replied to the Army on either the same day or within a few days of receiving the Army's email (SOF ¶¶ 3-6). These facts help establish that MVP was not having email difficulties, raising the presumption that MVP received the COFD on the email submission date. Finally, MVP's own inclusion of the original July 27, 2022, termination notice email in its August 24, 2022 email (SOF ¶ 9), shows that MVP received the termination notice on July 27, 2022. We therefore conclude that MVP received the COFD on July 27, 2022, which started the 90-day clock.

*MVP's Email Response Further Establishes that it Received the COFD*

MVP's reply to the Army's COFD email provides further proof that it received notice of the partial termination for cause. Even if we had failed to find that the COFD email submission date of July 27 (or even the 28th), started the 90-day window, MVP's response to the Army's email at a later date certainly did, and the notice of appeal still remains untimely. (SOF ¶ 9) It has been well established by this Board that an appellant's email reply which acknowledges the receipt of a contracting officer's final decision can provide proof of receipt by the appellant and begin the 90-day appeal window. *Singleton Enters.*, ASBCA No. 58235, 14-1 BCA ¶ 35,554 at 174,227. For instance, in *Singleton*, after several unsuccessful delivery attempts, the government emailed a copy of its final decision to the appellant. *Id.* at 174,226-27. The next day, the appellant replied by email indicating it had received the government's final decision. *Id.* at 174,227. In its ruling, the Board stated that "such an [email] acknowledgement of receipt serves to commence the running of the appeal time." *Id.*; *see also Eur-Pac Corp.*, ASBCA Nos. 61647, 61648, 18-1 BCA ¶ 37,202 at 181,107 (Appellant's 90-day window began at least by the date of the appellant's email response to the government's termination notice.).

Here, the record clearly indicates that MVP was aware of the contracting officer's final decision by, at the latest, August 24, 2022. On July 28, 2022, the Army again informed MVP by email of its final decision to partially terminate the contract

for cause (SOF ¶ 8). Approximately one month later, on August 24, 2022, MVP replied by email to the Army and acknowledged the termination, stating "I just realized that you terminated the contract for cause" (SOF ¶ 9). More than 90 days later, on November 25, 2022, MVP provided the Board with its notice of appeal. In its notice of appeal, MVP claimed it had not received a notice of the partial termination but was only aware that the contract may be cancelled (SOF ¶ 10). Despite this assertion, MVP's August 24, 2022 email reply clearly indicated that it was aware of the contract's partial termination (SOF ¶ 9).

The statutory 90-day appeal window started on July 27, 2022, the day the Army emailed MVP the COFD (SOF ¶ 9). *Cosmic Constr.*, 697 F.2d at 1390-91. Ninety days later, the window ended on October 26, 2022 (*Id.*). On November 25, 2022, MVP provided its notice of appeal beyond the allowable 90-day timeframe. We therefore conclude that MVP's appeal is untimely and the Board lacks jurisdiction. *Id.*

CONCLUSION

The Army's motion is granted, and the appeal is dismissed for lack of jurisdiction.

Dated: August 30, 2023

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

LIS B. YOUNG
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63466, Appeal of MVP Network Consulting, LLC, rendered in conformance with the Board's Charter.

Dated: August 30, 2023

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals