ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                              )
                                                         )
Logistics and Rental Car SARL                            )     ASBCA No. 63950
                                                         )
Under Contract No. M68450-19-P-S024                      )

APPEARANCE FOR THE APPELLANT:           Mr. Mohamed Ahmed Youssouf
                                          President and Manager

APPEARANCES FOR THE GOVERNMENT:         Allison M. McDade, Esq.
                                          Navy Chief Trial Attorney
                                        John W. Torresala, Esq.
                                        Tony J. Miller, Esq.
                                          Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE THRASHER
ON THE GOVERNMENT'S MOTION TO DISMISS

The Department of the Navy, United States Marine Corps (Marine Corps or government) moves to dismiss this appeal for lack of jurisdiction, contending that Logistics and Rental Car SARL (LRCS or appellant) failed to file a timely appeal from the contracting officer's final decision (COFD), pursuant to the 90-day limitations period in the Contract Disputes Act (CDA), 41 U.S.C. § 7104. We grant the Marine Corps' motion and dismiss the appeal.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On May 24, 2019, the Marine Corps awarded Contract No. M68450-19-P-S024 to LCRS for the rental of non-tactical vehicles at Camp Lemonnier, Dijbouti, Africa. The contract had a period of performance from June 1, 2019 to September 30, 2019, and included two Contract Line-Item Numbers (CLIN), CLIN 0001 and CLIN 0002. (R4, tab 3 at 27-31)[1]

2. The contract contained various standard clauses, including Federal Acquisition Regulation (FAR) 52.212-4, CONTRACT TERMS AND CONDITIONS – COMMERCIAL ITEMS (MAY 2015) and FAR 52.233-1, DISPUTES (MAY 2014) (*id.* at 36).

---

[1] The government numbered the pages in its Rule 4 submission with leading zeros, which we omit here.

3. On June 25, 2019, the Marine Corps issued a partial termination for the government's convenience terminating CLIN 0002 in its entirety (R4, tab 4). On August 1, 2019, a bilateral modification was executed which changed the contract completion date for the remaining CLIN 0001 from September 30, 2019, to September 1, 2019 (R4, tab 5).

4. On August 31, 2019, the Marine Corps returned the rental vehicles to LCRS (compl. at 2) and later issued a Contract Completion Statement indicating that the contract was considered closed as of June 1, 2020 (R4, tab 6 at 72).

5. By email dated June 3, 2020, LCRS's representative, Mr. Mohamed Ahmed Youssouf, informed the contracting officer that all payments for the contract had been resolved. This message was sent from Mr. Youssouf's verified email address.[2] (R4, tab 6 at 54)

6. By letter dated February 1, 2023, LRCS submitted its certified claim to the Marine Corps in the amount of $113,464.04 for damages it alleges the government caused to its vehicles during the contract performance period (R4, tab 1 at 1). The Marine Corps indicate that it received LRCS's claim from Mr. Youssouf on or about March 21, 2023 (gov't mot. at 2; R4, tab 2).

7. By letter dated April 13, 2023, the contracting officer issued a final decision denying LRCS's claim in its entirety (R4, tab 2). The final decision notified LRCS of its right to appeal the decision to the "agency board of contract appeals" within 90 days of receipt (id.).

8. The contracting officer emailed the final decision letter to LRCS on April 13, 2023 (R4, tab 7 at 73-74). In addition to the attached COFD, the text of the email read: "See the attached Contracting Officers Decision in regards to the claim you submitted for contract M68450-19-P-S024" (id. at 73). Later, on that same date, the Marine Corps received a notification message confirming that the contracting officer had emailed the COFD to LCRS (id. at 75).[3]

9. Later that same day, LRCS replied to the Marine Corps by email acknowledging its awareness of the government's denial of its claim. In its reply email, LRCS stated, "Please could you confirm [to] me why my money has been [denied]?" The reply also included the text of the Marine Corps' original final

---

[2] For purposes of this decision, the Board will not publish Mr. Youssouf's email address.

[3] The notification message indicates the COFD was emailed by the government on April 13, 2023, and delivery was confirmed at 3:19 Pacific Time, or 1:19 am Eastern Africa Time on April 14, 2023 (R4, tab 7 at 75).

decision email. (*Id.* at 77-78)[4]  Accordingly, we find that LRCS was in receipt of the COFD on April 14, 2023 at the latest.  The record does not contain any evidence of further conversations regarding the claim or a response from the contracting officer to LCRS' inquiry.

10.  On August 6, 2024, well over a year later after issuance of the COFD, LCRS filed a notice of appeal to this Board appealing the Marine Corps' April 13, 2023 final decision that denied its claim.

11.  On August 29, 2024, the Board, sua sponte, questioned whether it had jurisdiction over this appeal.

12.  On August 29, 2024, the Marine Corps submitted a motion to dismiss this appeal for untimeliness.  LCRS filed its response to the Marine Corps motion to dismiss on September 27, 2024.

DECISION

The Marine Corps moves to dismiss this appeal for lack of jurisdiction, asserting that LCRS failed to file its appeal within the requisite 90-day time period (gov't mot. at 1).  In support of its motion, the Marine Corps argues that the appeal window began on April 14, 2023, the day the COFD was received by LCRS, and ended 90 days later.  Because LCRS filed its appeal on August 6, 2024, or 481 days beyond its receipt of the final decision, the Marine Corps asserts that LCRS exceeded the 90-day appeal window and, thus, the appeal is untimely (*id.* at 5).

In his response for LCRS, Mr. Youssouf claims that he was unable to file a timely appeal because he became ill and had an emergency operation (app. resp. at 3). He therefore requests the Board grant him an opportunity to continue his appeal (*id.*).

*The Marine Corps' COFD Email Submission Date Initiated the 90-day Window*

The Board's jurisdiction is governed by the CDA, which requires that each claim by a contractor be submitted to the contracting officer for a final decision. 41 U.S.C. § 7103(a)(1).  The contractor may appeal a contracting officer's final decision to an agency board if the appeal is initiated within 90 days of the receipt date of the decision.  41 U.S.C. § 7104(a).  It is well established that the 90-day window is statutory and cannot be waived or extended.  *MVP Network Consulting, LLC*, ASBCA No. 63466, 23-1 BCA ¶ 38,427 at 186,765, citing *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390-91 (Fed. Cir. 1982); *Woolpert, Inc.*, ASBCA No. 63515, 24-1

---

[4] We note that the emails in SOF ¶¶ 8-9 were sent to or from LCRS using Mr. Youssouf's email address.

BCA ¶ 38,542 at 187,349. Therefore, the Board lacks jurisdiction for any appeal that is untimely filed outside the 90-day period. *Cosmic*, 697 F.2d at 1390-91; *Carter Safety Consultants, Inc.*, ASBCA No. 60779, 17-1 BCA ¶ 36,660 at 178,553.

For purposes of starting the CDA's 90-day window, the government has the burden of proving the date the final decision was received. *MVP*, 23-1 BCA ¶ 38,427 at 186,765 (citing *TTF, LLC*, ASBCA No. 59511 *et al.*, 15-1 BCA ¶ 35,883 at 175,434). According to the Federal Acquisition Regulation (FAR), "[t]he contracting officer shall furnish a copy of the decision to the contractor by certified mail, return receipt requested, or by any other method that provides evidence of receipt." FAR 33.211(b), CONTRACTING OFFICER'S DECISION (2023). Therefore, to meet its burden, the government must provide "objective indicia" of actual receipt of the decision by the appellant to establish the proper receipt date and start the 90-day window. *Riley & Ephriam Constr. Co. v. United States*, 408 F.3d 1369, 1372 (Fed. Cir. 2005) (citing *Borough of Alpine v. United States*, 923 F.2d 170, 172 (Fed. Cir. 1991)).

In the appeal at hand, the Marine Corps has provided evidence that it emailed the COFD to LCRS on April 13, 2023 (SOF ¶¶ 8-9). In general, evidence that a COFD was emailed to the appellant, without more, introduces uncertainty and may not provide objective indicia of receipt. *See Phoenix Hawk Constr. Co.*, ASBCA No. 60987, 19-1 BCA ¶ 37,260 at 181,335; *Military Aircraft Parts*, 17-1 BCA ¶ 36,680 at 178,610 (Evidence showing the government emailed appellant the final decision failed to establish that appellant received it.).

Here, however, there are additional facts that must be considered which minimize this uncertainty. First, LCRS has not asserted, in response to the Marine Corps' motion, that it received the COFD on a different date. *See Alnawars Co.*, ASBCA No. 58678, 13-1 BCA ¶ 35,463 at 173,908; *MVP*, 23-1 BCA ¶ 38,427 at 186,766 (Appellant's failure to assert that it received the decision on a different date helped establish that the decision was received on the email transmission date.). Furthermore, LCRS's reply to the Marine Corps' COFD email provides additional proof that it was aware of the final decision (SOF ¶ 9). It has been well established by this Board that an appellant's email reply which acknowledges the receipt of a contracting officer's final decision can provide proof of receipt by the appellant and begin the 90-day appeal window. *See Singleton Enters.*, ASBCA No. 58235, 14-1 BCA ¶ 35,554 at 174,227 (appellant's email reply the next day acknowledging receipt of the final decision served to commence the running of the appeal window.) *See also Eur-Pac Corp.*, ASBCA Nos. 61647, 61648, 18-1 BCA ¶ 37,202 at 181,107; *MVP*, 23-1 BCA ¶ 38,427 at 186,766 (appellant's 90-day window began at least by the date of the appellant's email response to the government's termination notice.) Here, LCRS replied to the Marine Corps' final decision email on the same day the COFD was issued, April 13, 2023 (albeit from a different time zone) (SOF ¶ 9). In its reply, LCRS inquired why its claim had been denied and included the text of the

4

government's original final decision email. It is clear that LCRS was in receipt of the government's final decision on April 13, 2023, or at the latest, April 14, thereby initiating the 90-day appeal window. (*Id.*)

Once the government establishes the date the appellant received the final decision, the burden then shifts to the appellant to prove that its appeal was timely filed with this Board. *Phoenix Hawk*, 19-1 BCA ¶ 37,260 at 181,335; *Singleton*, 14-1 BCA ¶ 35,554 at 174,227. Here, LCRS fails to provide any evidence that its appeal was timely filed. In its response to the Marine Corps' motion to dismiss, LCRS admits that it was unable to timely appeal because its manager became ill and had an emergency operation (app. resp. at 3). Accordingly, LCRS has failed to meet its burden that the appeal was timely. Because the 90-day appeal window is statutory and cannot be waived, and LCRS has offered no evidence to the contrary, the appeal is untimely. *Cosmic Constr.*, 697 F.2d at 1390-91. The Board lacks jurisdiction to hear this appeal.

## CONCLUSION

The Marine Corps' motion is granted, and the appeal is dismissed for lack of jurisdiction.

Dated: April 9, 2025

JOHN J. THRASHER
Administrative Judge
Chairman
Armed Services Board
of Contract Appeals

I concur

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

ARTHUR M. TAYLOR
Administrative Judge
Armed Services Board
of Contract Appeals

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63950, Appeal of Logistics and Rental Car SARL, rendered in conformance with the Board's Charter.

Dated: April 9, 2025

_____

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals